## TARPEY v. SHILLENBERGER et als.

In an action against the sureties on an injunction-bond, the condition of which is, that the plaintiffs in the suit for whom the sureties undertook, should pay all damages and costs that should be awarded against the plaintiff by virtue of the issuing of said injunction by any competent Court, and the complaint did not aver that any damages had been awarded:  *Held*, that such complaint is fatally defective.

The sureties are entitled to stand on the precise terms of the contract, and there is no way of extending their liability beyond the stipulation to which they have chosen to bind themselves.

APPEAL from the District Court of the Third Judicial District, County of Santa Cruz.

This suit was brought against the sureties to an undertaking to obtain an injunction. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer, and the plaintiff appealed. The ground upon which the demurrer was sustained appears in the opinion of the Court.

*John and M. D. Wilson* for Appellant.

*P. L. Edwards and R. F. Peckham* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C., J., and FIELD, J., concurring.

This suit was brought in the Third District, upon an undertaking entered into by defendants, as sureties for other parties, on the latter obtaining an injunction. The condition of the undertaking is, that the plaintiffs in the suit for whom the sureties

undertook, should pay all damages and costs that should be awarded against the plaintiff by virtue of the issuing of said injunction by any competent Court. No sufficient breach is averred, since it is not alleged that any damages were so awarded. The sureties are entitled to stand on the precise terms of the contract, and we know of no way of extending their liability beyond the stipulation to which they have chosen to bind themselves. None of the voluminous matter set up in the complaint helps it. It is fatally defective, and the Court below was right in sustaining the demurrer.

The judgment is affirmed.