PINNEY, respondent, *v.* HERSHFIELD et al., appellants.

PRACTICE — *statement* — *specific errors.* A statement on a motion for a new trial is sufficient if it points out in an intelligent manner the specific errors relied on by the appellant.

PLEADING — *complaint on attachment bond* — *allegation* — *damages.* In an action against the sureties on an attachment undertaking to recover the damages caused by the wrongful suing out of the attachment writ, the complaint must allege that the principal has not paid the damages.

ATTACHMENT UNDERTAKING — *contract of sureties.* The contract of the sureties in an attachment undertaking is in the nature of a guaranty that the principal will pay the costs and damages sustained.

*Appeal from the Third District, Lewis and Clarke County.*

PINNEY commenced this action in September, 1869. The cause was tried in March, 1870, by a jury, that returned a verdict for Pinney for $1,300. The court, SYMES, J., overruled the motion for a new trial.

The facts appear in the opinion.

W. F. SANDERS, for appellant.

The complaint should allege a breach of the undertaking, that Whitlatch did not pay the damages. 1 Chitty's Pl. 332 ; *Hayden* v. *Sample*, 10 Mo. 215 ; 2 Sanders' Pl. 181 ; *Love* v. *Redwell*, 4 Blackf. 553 ; *Fletcher* v. *Peck*, 6 Cranch, 127 ; *Hughes* v. *Smith*, 5 Johns. 168 ; *Smith* v. *Jansen*, 8 id. 111 ; *Potter* v. *Bacon*, 2 Wend. 583 ; *Jullian* v. *Burgott*, 11 Johns. 6.

There is no allegation of damages that would enable respondent to introduce proof. Appellants agreed that, on the happening of a contingency, Whitlatch would pay damages sustained by reason of the attachment. The court extended appellants' liability to pay respondent his costs, trouble and expense in defending against the suit. Appellants never assumed this liability. In these respects the complaint was fatally defective. Stephen's Pl. 146 ; *Kent v. Snyder*, 30 Cal. 666 ; *Green v. Palmer*, 15 id. 411 ; *Abbe v. Marr*, 14 id. 210.

The contract of a surety is favorably regarded in law. The words used in his agreement are not to be extended beyond their clear import.

The following authorities were referred to and cases therein cited: Sedgw. on Dam. 453, 465 ; 1 Estee's Pl. 237 ; 1 Hill. on Torts, 422.

H. L. WARREN and W. E. CULLEN, for respondent.

The statement on the motion for a new trial does not specify the particular errors relied on, as required by the statute, and must be disregarded. Civ. Prac. Act, § 195 ; *Harper v. Minor*, 27 Cal. 109 ; *Barret v. Tewksbury*, 15 id. 356 ; *Zenith G. & S. M. Co. v. Irvine*, 32 id. 302 ; *Love v. Sierra N. L. W. & M. Co.*, id. 639 ; *Beans v. Emanuelli*, 36 id. 121 ; *Caldwell v. Greeley*, 5 Nev. 260.

All that remains for review are the pleadings, verdict and judgment.

No appeal lies from an order overruling a demurrer. 3 Estee's Pl. 647 ; *Ford v. David*, 13 How. Pr. 193 ; *Young v. Grundy*, 6 Cranch, 51 ; *St. Paul Division v. Brown*, 9 Minn. 151.

Appellants' authorities are not applicable. They refer to common-law actions on bonds for a penalty with conditions, breaches of which must be assigned in the declaration. This action is upon a statutory undertaking, executed in pursuance of the civil practice act, which is peculiar in form. Civ. Prac. Act, § 122.

Whitlatch should have been principal in the undertaking,

and appellants cannot take advantage of his failure to execute it, and are estopped from denying its sufficiency. The undertaking is, that "if the defendant recover judgment, the plaintiff will pay," etc. The complaint alleges that defendant "recovered judgment" in the action in which the undertaking was given. The undertaking to pay costs and damages then became absolute upon appellants. The averment of indebtedness was made in the complaint, and there is no presumption of payment which it is necessary to negative. Payment must be pleaded and proven in defense. 2 Whit. Prac. 114.

KNOWLES, J. This is an action on an attachment undertaking, to recover damages occasioned the plaintiff on account of the wrongful suing out of said writ. It appears that the appellants appeal to this court from the order overruling the motion for a new trial, and from the judgment of the court below.

The respondent urges that there is not such a specification of errors in the statement on a motion for a new trial as will justify this court in considering it.

The statutes of this Territory provide that a statement "shall state specifically the particular errors or grounds upon which he intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified and no more." See Stat. of 1867, p. 199.

We do not propose to lay down any rules which shall prescribe the manner in which these errors or grounds, upon which the appellant will rely for a reversal, must appear. So that they are pointed out specifically, in some intelligible manner, is all that we require. The statement, however, under consideration we do not think does this, and, hence, hold that we cannot consider the same. The appeal from the judgment brings to this court the judgment roll.

The undertaking, upon which this action was brought, reads as follows:

"Know all men by these presents: That we,            ,
as sureties for James W. Whitlatch, do undertake in the
sum of five thousand four hundred dollars, that if the de-
fendant in the action of James W. Whitlatch against George
M. Pinney, this day commenced in the district court, third
judicial district of the Territory of Montana, sitting in and
for Lewis and Clarke county, shall recover judgment, that
the said Whitlatch will pay all costs that may be awarded
said Pinney, and all damages which he may sustain by
reason of the attachment in said action, not exceeding the
sum aforesaid.

"Witness our hands and seals this      day of June, 1869.

          "L. H. HERSHFIELD.    [L. s.]
          "ALEX. H. BEATTIE."   [L. s.]

The complaint in this action does not state that the said
Whitlatch had not paid, or refused to pay, the costs and
damages sustained by the plaintiff.

The appellants demurred to this complaint for this reason,
assigning that the complaint did not state facts sufficient to
constitute a cause of action.   Undoubtedly the appellants,
in this contract, made themselves liable to pay the costs and
damages sustained by the respondent, in case the said
Whitlatch did not.   Their contract is in the nature of a
guaranty.   They do not undertake that they will pay all
costs and damages, sustained by respondent, themselves,
but that Whitlatch will pay them.

A demand on the principal debtor, and a failure on his
part to do that which he is bound to do, are requisite to
found any claim against the guarantor.   2 Pars. on Cont. 29.

In the case of *Tarpey* v. *Shillenberger et al.*, 10 Cal. 390,
BALDWIN, J., says: "The condition of the undertaking is,
that the plaintiffs in the suit for whom the sureties under-
took should pay all damages and costs that should be
awarded against the plaintiffs by virtue of the issuing of
said injunction by any competent court.   No sufficient
breach is averred, since it is not alleged that any damages
were so awarded.   The sureties are entitled to stand on the

precise terms of the contract, and we know of no way of extending their liability beyond the stipulation to which they have bound themselves."

This case shows that the complaint must allege sufficient to manifest that the condition upon which parties to an undertaking were to become liable has transpired. We can see no difference between this, where parties were to become responsible in the event that their principal did not perform his obligation, and in the case where persons were to become liable on the condition that another person did not perform his duty as an officer. In such a case the authorities are abundant, to the effect that the complaint must show that the officer has not performed his duty. This failure is the breach of their contract, and must be alleged.

We hold, therefore, that it was necessary for the respondent to have alleged, in his complaint, that the said Whitlatch had not paid said damages; and, hence, the court below erred in overruling the demurrer of appellants.

For these reasons the judgment of the court below is reversed, and the cause remanded.

*Exceptions sustained.*