[No. 15783.    Department One.—December 10, 1894.]

WILLIAM LICHTENBERG, Respondent, v. PETER J. McGLYNN et al., Executors, etc., Appellants.

Estates of Deceased Persons—Action upon Claim—Recovery.—In an action upon a rejected claim against the executors of the will of a deceased person, the plaintiff can only recover upon the claim presented and rejected, and is not entitled to recover against the executors for any other cause of action.

Id.—Action for Services — Evidence — Burden of Proof — Incompetency of Plaintiff.—In an action upon a claim presented against the estate of a deceased person for services alleged to have been rendered within two years prior to his death, at the instance and request of the deceased person, proof must be made of the averments of the complaint, and the failure to make the proof required owing to the statutory inability of the plaintiff to testify in his own behalf does not relieve him from the necessity of producing sufficient evidence to establish his cause of action.

Id.—Admissions of Decedent—Insufficiency of Proof.—Where the deceased and another person were interested in the sale of a railroad, evidence of admissions of the decedent, consisting of statements made by him in a settlement with his co-owner, in which he had allowed the co-owner the sum claimed by plaintiff, as a charge, to be paid by his co-owner to the plaintiff for services rendered and efforts made by plaintiff to secure money in Europe, at the instance of the co-owner, and stating that if his co-owner did not pay the commission he would pay it, is insufficient to establish the value of any services rendered for the decedent individually, and, if the obligation to pay the plaintiff was that of the co-owner, the decedent's verbal agreement to pay it would be invalid.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for J. F. Burgin, Appellant.

The evidence introduced by the plaintiff is of the loosest, most unsatisfactory, and dangerous kind, and is not sufficient to sustain the judgment. (Bringier v. Gordon, 14 La. Ann. 274; Bodenheimer v. Executor, etc., 35 La. Ann. 1005.) Any promise of Donahue that he would pay the plaintiff, if Von Shroeder did not, was

without consideration and void, and cannot be enforced in law or equity. (Civ. Code, sec. 1550, subd. 4; *Howland* v. *Aitch*, 38 Cal. 135; *Hughes* v. *Davis*, 40 Cal. 117.)

*Stanly, Hayes, McEnerney & Bradley,* for Peter J. Mc-Glynn, Appellant.

If the facts of the case are as consistent with the theory that the plaintiff was employed by Baron Von Shroeder as they are with the theory that he was employed by Donahue, the plaintiff has not sustained his case with a preponderance of evidence, and the judgment and order appealed from should be reversed. (*Vandeventer* v. *Ford*, 60 Ala. 610; *Wheeler* v. *McGuire*, 86 Ala. 398.) Any promise which Donahue made to pay the plaintiff fifteen thousand dollars can only be considered upon the question of the reasonable value of the plaintiff's services. (Anson on Contracts, 87.) Evidence of admissions made long anterior to a trial is of a very weak order. And when those admissions are as to matters of opinion, such as to the value of services, or as to matters which could not be within the actual knowledge of the party making the admissions, such as the services which a man performed thousands of miles distant, they should not be accepted, if unsupported, as proof of important facts. And in an especial degree is this so where the person alleged to have made the admissions is dead. (*Davis* v. *Davis*, 26 Cal. 23; 85 Am. Dec. 157; *Succession of Townsend*, 40 La. Ann. 66; *Garrison* v. *Aiken*, 2 Barb. 27; *Pollock* v. *Ray*, 85 Pa. St. 428; *Wilder* v. *Franklin*, 10 La. Ann. 279; *Bulley* v. *Bulley*, L. R. 9 Ch. App. 739.)

*Lindley & Eickhoff,* for Respondent.

Under the facts in the case the plaintiff is clearly entitled to recover the reasonable value of the services rendered by him, upon a *quantum meruit*. (*Cutter* v. *Powell*, 2 Smith's Lead. Cas., 9th Am. ed., 1227.)

HARRISON, J.—The defendants are the executors of the last will and testament of James M. Donahue,

deceased, and after letters testamentary had been issued to them the plaintiff presented to them a claim against the estate of their testator, which they rejected, and thereupon he began this action for the purpose of having the validity of his claim established. The claim was properly verified March 13, 1891, as follows:

"ESTATE OF JAMES M. DONAHUE, DECEASED,
"To WM. LICHTENBERG,                              DR.
                                                    "Nov. 20, 1890.

"To services rendered by said William Lichtenberg for said deceased, at his special instance, within two years next preceding his death, in and about effecting loans and sales for account of said deceased, $15,000."

In his complaint he alleges "that within two years before his death said James M. Donahue became justly indebted to plaintiff in the sum of fifteen thousand dollars for certain work, labor, and services rendered and performed by plaintiff for defendant, and at his special instance and request, during said period of time"; and the court made a finding of fact in the terms of this allegation, and rendered judgment in favor of the plaintiff. The defendants moved for a new trial upon the ground that the evidence was insufficient to sustain the findings of the court, and upon its denial have appealed to this court.

The holder of a claim against the estate of a deceased person can bring an action therefor against the executors only after it has been first presented to such executors. (Code Civ. Proc., sec. 1500.) If his claim is rejected, either by them or by the judge of the superior court, he must bring a suit for the purpose of establishing its validity against the estate. In such action he can recover only upon the claim which has been so presented and rejected, and is not entitled in that action to recover against the executors for any other cause of action. As the plaintiff alleged in his complaint that the claim which he presented to the defendants was "for the services so as aforesaid rendered and performed by him," and the court so finds, we must

assume that its findings were based upon evidence solely in support of the services named in the claim which was presented.

We are of the opinion, however, that the evidence is insufficient to sustain these findings of the court. In order to sustain his claim it was necessary for the plaintiff to show that he had rendered services for the deceased within two years prior to his death; that these services had been rendered at the special instance of the deceased; that they were of the value of fifteen thousand dollars, or that they were rendered under an agreement, either express or implied, that he should be paid fifteen thousand dollars for them. It may be that the failure to make greater proof results, as suggested by plaintiff's counsel, from the statutory inability of the plaintiff to testify in his own behalf, but this does not relieve him from the necessity of producing sufficient evidence to establish his cause of action. His incompetency to testify may be his misfortune, but the defendants' obligation is not thereby varied, and they are entitled to demand such proof before they can be called upon to pay to the plaintiff the money which is in their hands as trustees for the beneficiaries of their testator.

The record fails to show that the plaintiff at any time within two years prior to the death of Donahue rendered any services to him, or for his benefit.

The evidence tending to show any request for services from the plaintiff to Donahue is very meager, and fails to establish any agreement between them for services to be rendered.

It is not claimed that there was any agreement by Donahue for the amount of compensation to the plaintiff, and the value of the services rendered by him was sought to be shown by certain admissions of Donahue. These admissions consisted of statements by him that in a settlement with Von Shroeder he had allowed Von Shroeder fifteen thousand dollars to be paid by him to the plaintiff for the services which he had rendered

in his efforts to secure the money in Europe; and that Donahue had also said that if Von Shroeder did not pay the commission, he would himself pay it. This evidence is, however, insufficient to establish the value of any services rendered for Donahue. Von Shroeder and Donahue were both interested in the sale of the road, and the plaintiff had gone to New York with Von Shroeder, and at his request had gone from there to Europe. Donahue had himself effected the sale in New York for the benefit of both Von Shroeder and himself, and his statement that in a settlement with Von Shroeder he had allowed that sum of money to be paid to the plaintiff fails to establish that that was the value of any services rendered by the plaintiff to Donahue. If the plaintiff had not rendered any services to Donahue, Donahue's admission of their value would not be binding upon him or upon his executors. If he had rendered services for Von Shroeder and Donahue at the instance of Von Shroeder, the foregoing statements of Donahue would not establish the value of any services rendered for Donahue individually; and, if the obligation to pay the plaintiff was that of Von Shroeder, Donahue's verbal agreement to pay it would be invalid.

The judgment and order are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.