# CHARLESTON.

STATE FOR USE, &C., *v.* HALL *et al.*

Submitted January 28, 1895—Decided April 6, 1895.

1. PLEADING—JUDGMENT—DECLARATION.
    A judgment on a verdict for the plaintiff virtually overrules all demurrers to the declaration and each count thereof.

2. INJUNCTION—BOND—DAMAGES—DECLARATION.
    Where the condition of an injunction bond in pursuance of the statute provides that the plaintiff in the injunction cause shall faithfully prosecute said injunction, and shall pay the amount of the judgment enjoined, and all such costs as may be awarded

against the complainants, and all such damages as shall be incurred in the case the injunction be dissolved; in a suit upon said injunction bond to recover damages incurred by reason of the suing out of said injunction, the declaration must aver that the plaintiff in the injunction, by reason of the dissolution thereof, has incurred and become liable to pay the plaintiff in the suit on said bond some amount of damages.

3. INJUNCTION—BOND—ACTIONS ON BONDS.
   Where such bond is made payable to the state, suits may be prosecuted from time to time thereon for the benefit of the person injured by the breach of the condition thereof, until damages are recovered in the aggregate equal to the penalty of the bond.

4. INJUNCTION—BOND—ACTIONS ON BONDS—RELATOR.
   In such suit it is incumbent on the relator to show title to the judgment enjoined before he would be entitled to recover damages on account of its collections being restrained by the injunction.

COUCH, FLOURNOY & PRICE and P. W. MORRIS for plaintiff in error.

HUTCHINSON, HUTCHINSON & CAMDEN for defendant in error, cited Code, c. 126, s. 4; 31 W. Va. 364; 4 Rob. Prac. 153; 10 Gratt. 499; 11 Gratt. 625; 10 Gratt. 228; 4 Rob. Prac. 1000-1,001; Code, c. 133, s. 12; 31 W. Va. 365-369; 5 Sm. & Mar. 301; 11 B. Mon. 202; 7 Leigh 68; 91 Ill. 434; 5 Cranch C. C. U. S. 291; 73 Mo. 34; 20 S. W. 352.

ENGLISH, JUDGE:

This was an action of debt upon an injunction bond brought in the name of the state of West Virginia (which sued for the use and benefit of D. F. Haymond, sheriff of Ritchie county, W. Va., and as such administrator of the estate of Isaac Lambert, deceased, who sued for the use and benefit of James Taylor) against Cyrus Hall and A. J. Patton, in the Circuit Court of Ritchie county.

The suit was brought upon an injunction bond, the condition of which as set forth in the plaintiff's declaration is as follows: "That is to say, the condition of the above obligation is such that whereas, John S. Porter, for the use of Isaac Lambert, obtained a judgment against the said Cyrus Hall and W. M. Patton at the June term of the County

Court of Ritchie county, 1858, for two hundred and fifty dol-
lars, with interest thereon from the 1st day of September,
1854, and the costs of the action at law, upon which the
said Cyrus Hall and William M. Patton have signed a release
of errors on said judgment at law; and whereas, the said
Hall and Patton have obtained an injunction against the
execution of the said judgment allowed by the judge of the
Circuit Court of Ritchie county in December, 1867; and
whereas, the Circuit Court of Ritchie county, at its spring
term, 1877, by an order directed and required the said Hall
and Patton to execute and file in the papers of the said in-
junction cause a new bond upon the said injunction: Now,
therefore, if the said Cyrus Hall and William M. Patton
shall faithfully prosecute said injunction, and shall pay the
amount of the said judgment and all such costs as may be
awarded against the complainant, and all such damages as
shall be incurred in case the injunction aforesaid be dissolved
then the above obligation be void; otherwise to remain in
full force and virtue."

For assigning the breach of said condition the plaintiff
says that: "Afterwards, to wit, at a Circuit Court for the
said county of Ritchie, held on the 26th day of October, 1877,
it was by the said Circuit Court, amongst other things, ad-
judged, ordered and decreed that the injunction theretofore
awarded in the said cause in said condition mentioned be,
and the same was, dissolved, and that the said James Tay-
lor recover against the plaintiffs in said chancery cause his
costs by him about his suit in that behalf expended. And
the plaintiff in fact further says that the said costs last men-
tioned amount to a large sum of money, to wit, the sum of
five hundred dollars. And the plaintiff in fact says that
said decree so dissolving said injunction was afterwards, to
wit, on the 12th day of November, 1881, by the Supreme
Court of Appeals of West Virginia, so far as it dissolved
said injunction, with costs against the said plaintiffs in said
chancery suit, affirmed. And the plaintiff in fact says that
the damages to which he is entitled at the rate of ten *per
cent.* per annum from the time the said injunction took effect
until the said dissolution thereof on such sum as appears

to be due, including the costs recovered at law, have been ascertained to be, and are in fact, one thousand dollars. Nevertheless payment has not been made of said judgment in said condition mentioned, nor of the costs so awarded against the said Hall and Patton in said injunction case, nor of the said damages, and so the condition of said bond is broken, and the plaintiff in fact is injured by the said breach thereof, and the right has accrued to prosecute this suit upon said writing obligatory for the benefit of said James Taylor, relator, and to demand the said sum of one thousand dollars above demanded, and also the said sum of fifteen hundred dollars, costs and damages aforesaid. And the plaintiff further says that the said sums have never been paid by the defendants or either of them, and the plaintiff, by reason of the non-payment thereof, has sustained damages to the amount of twenty five hundred dollars," *etc.*

It does not appear from the record that the demurrer was ever acted upon by the court. This Court, however, in the case of *Hood* v. *Maxwell,* 1 W. Va. 219, held that "a judgment on a verdict for the plaintiff virtually overrules all demurrers to the declaration, and each count thereof," and the court in the case under consideration having gone on and given judgment for the plaintiff, must be considered to have overruled the defendants' demurrer.

Did the court err in so ruling? The plaintiff in this case appears from the record to have recovered judgment for a large amount of damages, not only against the principal, but the surety in said injunction bond; and High on Injunctions (volume 2, § 1640) thus states the law: "The sureties in the bond are entitled to stand upon the precise terms of the contract, and their liability will not be extended beyond its terms. When, therefore, the bond is conditioned for the payment of such damages as shall be awarded against the principal by reason of issuing the injunction, an action can not be maintained against the sureties when it is not averred that any damages were so awarded. So if the bond is conditioned for the payment of such costs and damages as may be recovered against the principal for the wrongful suing out of the injunction, there can be no recovery upon the bond

when it is not alleged that there has been a recovery against the principal for wrongfully suing out the injunction." The condition of the injunction bond sued upon complied with the statute, and provided that "if the said Cyrus Hall and William M. Patton should faithfully prosecute said injunction, and should pay the amount of the said judgment and all such costs as may be awarded against the complainants, and all such damages as shall be incurred in case the injunction aforesaid be dissolved, then the above obligation be void; otherwise to remain in full force and virtue." At the time this injunction was dissolved, section 12 of chapter 133 of the Code provided that "where an injunction to stay proceedings on a judgment or decree for money is dissolved, wholly or in part, there shall be decreed to the party having such judgment or decree, damages  *  *  *  at the rate of ten *per cent.* per annum from the time the injunction took effect, until such dissolution, on such sum as appears to be due, including the costs; but the court wherein the injunction is may direct that no such damages be paid, or such portion thereof as it may deem just." This law must be regarded as a part of the contract when the bond was executed, and shows that the damages contemplated were such as should be awarded by the chancery court in which the injunction was pending, which court, by the terms of the statute, appears to have had complete control over the question of damages, as it could direct that no such damages be paid, or such portion thereof as it might deem just, and the contract of the surety was to pay such damages as should be thus awarded. Barton, in his Chancery Practice (volume 1, p. 477) after stating the statutory provision says: "The damages thus decreed are in satisfaction of so much of the interest for the time they are given as may not exceed the said damages.  *  *  *  The damages are calculated on whatever appears to have been due by virtue of the judgment or so much thereof as was enjoined at the time the injunction was awarded—that is, upon the principal and interest up to that time, and the costs at law; and when there are two defendants to the judgment, and one of them obtains an injunction, which is dissolved, that one only is liable

for the damages, while, of course, the other defendant remains, as before, liable for the principal and interest of the debt, and the costs at law;" plainly indicating that the damages are within the control of, and to be awarded by the chancellor when the injunction is dissolved. In the case under consideration, however, the injunction bill was dismissed by this Court on appeal from a decree of the Circuit Court of Ritchie county, and no damages were awarded, and the declaration does not claim that any damages were awarded in said injunction suit, but does claim that the plaintiff is entitled to ten *per cent.* per annum from the time the said injunction took effect until the dissolution thereof, on such sum as appears to be due, including the costs recovered at law, which have been ascertained to be, and are in fact, one thousand dollars. How said damages have been ascertained or awarded the declaration does not state, but the contract of the surety was to pay such costs as might be awarded against the complainants, and all such damages as should be incurred in case the injunction be dissolved; and we have seen that the law provides how these damages shall be ascertained and awarded, to wit, by the chancery court, when the injunction was dissolved.

In the case of *Tarpey* v. *Shillenberger,* 10 Cal. 390, the supreme court of that state, in an action against sureties on an injunction bond, the condition of which was that the plaintiff in the suit for whom the sureties undertook, should pay all damages and costs that should be awarded against the plaintiff by virtue of the issuing of said injunction by any competent court and the complaint did not aver that any damages had been awarded, held that such complaint is fatally defective. And in the case of *Anderson* v. *Falconer,* 34 Miss. 257, it was held that an injunction bond which is conditioned for the payment by the complainant of all such damages as shall be awarded against him "is no security for the general damages which the obligee may sustain from the injunction, but only for such as shall be properly awarded against the complainant; and hence, in an action on such bond, unless the declaration avers that damages have been awarded against the complainant, and that he has failed to

pay them, it will be bad on demurrer." Now, the language of our statute prescribing the condition of the bond is as follows: "With condition to pay the judgment or decree—proceedings on which are enjoined—and all such costs as may be awarded against the party obtaining the injunction, and also such damages as shall be incurred in case the injunction be dissolved," *etc.* Prof. Minor, in his work (volume 4, pt. 2, p. 1525) prescribes the form for a declaration on an injunction bond, which, after setting forth the condition, reads as follows: "And the said plaintiff in fact saith that the injunction aforesaid in the said condition mentioned hath been in due form of law dissolved by an order of the said —— court of —— county, sitting as a court of chancery, and that costs against the said D. D. have been awarded by said court in the premises to a large amount, to wit, to the amount of —— dollars; and the said D. D. hath incurred and become liable, by reason of the dissolution of the said injunction, to pay the said plaintiff damages to a large amount, to wit, the amount of ——— dollars." Referring to the declaration under consideration, it is at once perceived that it contains no such averment. It does not state that the defendants have incurred or become liable, by reason of the dissolution of said injunction, to pay the plaintiff any sum of money. It does state that the damages to which the plaintiff is entitled "at the rate of ten *per cent.* per annum from the time said injunction took effect until the said dissolution thereof, on such sum as appears to be due, including the costs recovered at law, have been ascertained to be, and are in fact, one thousand dollars." It is silent as to what party he is entitled to have said damages from, or how the amount of damages have been ascertained. It does not state that said damages were incurred by reason of the dissolution of the injunction, or fix the liability for the same upon any person or persons. As we have seen, a declaration has been held bad when it failed to aver that any damages were awarded when the condition of the bond was that the principal should pay all costs and damages that should be awarded against the plaintiff—the statute so requiring. Now, when the statute

requires that the surety shall pay such damages as·shall be incurred in cash, if the injunction shall be dissolved, the same rule applies; and, unless the ·declaration avers that the plaintiff in the injunction, by reason of the dissolution of said injunction, has incurred and become liable to pay the plaintiff some amount of damages, the declaration is defective, and a demurrer thereto should be sustained.

Again, this bond, in pursuance of the provisions of section 1, of chapter 10, of the Code, was made payable to the state of West Virginia; and in section 2 of the same chapter it is provided that suits may be prosecuted from time to time in the name of the state, if the bonds be so payable, for the benefit of the person injured by a breach of the condition of any such bond, until damages are recovered in the aggregate equal to the penalty thereof; but the declaration must show that the relator has been injured by a breach of the condition of the bond. The relator in this declaration, in assigning the breach, avers that payment has not been made of the judgment in the condition of the bonds mentioned, nor of the costs awarded against said Hall and Patton in said injunction case, nor of the said damages; but the declaration fails to show how the relator, James Taylor, acquired any title to said original judgment of two hundred and fifty dollars which John S. Porter to use of Isaac Lambert, obtained in the County Court of Ritchie county against Cyrus Hall and William M. Patton at the June term, 1858; and it is incumbent on said relator to show title to said judgment before he would be entitled to recover damages on account of its collection being restrained by injunction. Barton, in his Law Practice (volume 1, p. 166) in speaking of fiduciary bonds, says: "The action of debt may be maintained upon bonds executed by fiduciaries, such as executors, administrators, guardians, committees, trustees, and receivers, which are made payable to the commonwealth and conditioned for the faithful performance of their several duties by the various officers who execute them. The suit is brought in the name of the commonwealth at the relation of the claimant; but the relator must be the party having

the legal right to the debt"—citing *Allen* v. *Cunningham*, 3 Leigh 395.

There is nothing, however, set forth in the declaration we are considering that shows the relator's right to recover in the action. It is true that the declaration contains the averment that the damages to which he (plaintiff) is entitled at the rate of ten *per cent.* per annum from the time the said injunction took effect until the dissolution thereof on such sum as appears to be due, including the costs recovered at law, have been ascertained to be, and are in fact, one thousand dollars, but it neither avers the ownership of the judgment nor in any manner states how he acquired title to said judgment, interests and costs, nor does said declaration state how said relator was damaged by the delay caused in the collection of said judgment by reason of said injunction.

In the case of *Tazewell* v. *McCandlish*, the Court of Appeals of Virginia, in 10 Leigh, p. 116, ruled upon a similar question as follows: "In debt in a Circuit Court, upon the official bond of the marshal of the late superior court of chancery for the district, the breach assigned in the declaration is that, the chancery court having, in a suit therein pending, in which the relator was defendant, made an order directing the marshall to take possession of certain slaves—averred to be the property of the relator—and hire them out until the further order of the court, the marshal accordingly took possession of the slaves, hired them out, and collected the hires, but failed to pay them over to the relator, 'to whom they belonged, and who was entitled to receive them from the marshal, as would appear by reference to the record and proceedings in the said suit remaining in the office of the Circuit Court. On general demurrer to the declaration, held, the assignment of the breach is defective in substance, the title of the relator to demand and receive the hires from the marshal not being sufficiently set forth.' " Tucker, President, in delivering the opinion of the court, said: "I am of opinion that the judgment in this case—which sustained the demurrer—should be affirmed, the declaration being radically defective, as it shows no right of action in the rela-

tor;" and, after setting forth the material facts averred in the declaration, he says: "To this declaration the defendant filed a general demurrer, which, of course, only brings in question the substantial character of the declaration. I am of opinion that it is defective in substance in this: that it nowhere shows any title in the relator to sue." So, in the case under consideration, no averment in the declaration shows any title in the relator to sue. In order that the relator should have been entitled to the damage caused by the injunction, the declaration should have shown him entitled to the judgment which was enjoined. It avers that the damages which he is entitled at the rate of ten *per cent* per annum from the time said injunction took effect until the said dissolution thereof, on such sum as appears to be due, including the costs recovered at law, have been ascertained to be, and are in fact, one thousand dollars, but it does not show how he was entitled to the damages, how any sum appears to be due, and in what manner the damages have been ascertained, or why he is entitled to said damages.

For these reasons the court erred in overruling the demurrer. The judgment complained of must be reversed, and the cause remanded, with costs.