[S. F. No. 1793. Department One.—November 24, 1899.]

C. BARTHE, Respondent, v. JOSEPHINE ROGERS, Administratrix, etc., Appellant.

ESTATES OF DECEASED PERSONS—CLAIMS—ACTION UPON REJECTED CLAIM—VARIANCE.—No action can be maintained upon a claim against the estate of a deceased person which has not first been presented for allowance, and no recovery can be had in an action upon a rejected claim, upon any cause of action not included in the claim. In an action upon a claim for specified services and specific compensation therefor, a recovery at the rate of thirty dollars per month for two years, is a variance which has no foundation in the claim presented, and cannot be supported.

ID.—BURDEN OF PROOF—FAILURE OF EVIDENCE—NONSUIT NOT REQUIRED.—The burden of proof is upon the plaintiff in an action upon a rejected claim to establish that claim. If the evidence of the plaintiff fails to establish the claim sued upon, owing to his misfortune in not being competent to testify in his own behalf, the obligation of the administrator is not thereby varied; nor is the administrator bound to move for a nonsuit, but he may submit the case upon the plaintiff's testimony, and ask for a judgment upon the merits.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

John H. Durst, for Appellant.

A. Ruef, for Respondent.

HARRISON, J.—The plaintiff presented a claim to the defendant against the estate of her intestate, which was rejected by her, and thereupon brought the present action to establish the same. Judgment was rendered in his favor, and the defendant has appealed.

The claim presented by the plaintiff was for services of divers kinds rendered the deceased at different times from October, 1893, to the date of her death, March 29, 1897, and expenses incurred therein, and was made up of fourteen separate items,

to each of which a specific value was fixed, amounting in the aggregate to seven hundred and seventy-eight dollars. In the complaint herein the plaintiff sets forth a copy of the claim so presented by him, and seeks to recover upon an indebtedness of seven hundred and seventy-eight dollars for services rendered the deceased at her request within two years before her death, and for money laid out and expended at her request. At the trial he disclaimed all right of recovery for any services except such as were rendered within two years prior to the death of the intestate, and the court allowed him thirty dollars a month for that period, and found that the decedent was indebted to him in the sum of seven hundred and twenty dollars "for services rendered to her by plaintiff within two years prior to her said death, at her request," and entered judgment accordingly. The appeal herein is maintained upon the ground that the evidence is insufficient to sustain this finding of the court and that the judgment was rendered upon a different cause of action from that stated in the claim which was presented to the defendant.

Of the fourteen items of which the plaintiff made up the claim which he presented to the defendant, seven were for "expenses and services" in making trips from San Francisco to various parts of the state at request of deceased, for which one hundred and fifty-eight dollars was claimed; and one item of twelve dollars was claimed for "accompanying Mrs. Marshall six trips to Berkeley and San Leandro." There is no evidence in the record that the plaintiff ever made a trip in behalf of the deceased to any part of the state, and the only evidence in support of his claim for "accompanying" her to any place outside of San Francisco is that given by the witness Danier, who testified: "I knew that Barthe went different places in the country with her." Another item in the claim as presented is for fifty dollars for "expenses and services about fifty trips to office of A. Ruef, attorney, and consultation with him on behalf of deceased with her." The only evidence bearing on this item is that given by Mrs. Stencil, who testified that the deceased told her that Barthe took her once to some lawyer. One of the items in the claim presented is for two hundred dollars for "services rendered to deceased four or five times per

week from October, 1893, to April, 1895." As she died March 29, 1897, the plaintiff could recover for only such services under this item as were rendered during the last two days in March, 1895. Another item in the claim as presented was fifty dollars for "expenses and services in attending to various negotiations relating to sale of her real property, at her request." There is no evidence in the record tending to show that any such services were rendered.

The provision in section 1500 of the Code of Civil Procedure that the holder of a claim against the estate of a deceased person cannot maintain an action thereon unless the claim is first presented to the executor or administrator, is equivalent to a declaration that he cannot maintain an action upon any claim that he has not first presented for allowance, and that in any action to establish the validity of a claim which has been presented and rejected "he can recover only upon the claim which has been so presented and rejected, and is not entitled in that action to recover against the estate for any other cause of action." (*Lichtenberg v. McGlynn*, 105 Cal. 45.) In the present case, the plaintiff's claim as presented to the administratrix was for certain specified services, for which he demanded certain specific compensation. At the trial he offered evidence in support of only a portion of these services, and offered no evidence of the particular value of such services. In the claim which he presented his demand for compensation for those services of which he offered evidence was less than one-half of the amount for which the court gave him judgment, and the basis of computation upon which the court rendered its decision, viz., "thirty dollars a month for two years," had no foundation in the claim as presented. It may be added that the evidence of services rendered by him to the decedent within two years of her death does not equal the extent of services stated by him in his claim.

The contention of the respondent that the defendant should have moved for a nonsuit, rather than submit the case upon the plaintiff's testimony, is without merit. The plaintiff was not entitled to recover unless he produced evidence in support of his claim, and the burden was upon him to establish the claim which had been rejected. If his evidence failed in this

respect the defendant was entitled to ask for a judgment in her behalf. As was said in *Lichtenberg v. McGlynn, supra:* "It may be that the failure to make greater proof results from the statutory inability of the plaintiff to testify in his own behalf, but this does not relieve him from the necessity of producing sufficient evidence to establish his cause of action. His incompetency to testify may be his misfortune, but the defendant's obligation is not thereby varied, and she is entitled to demand such proof before she can be called upon to pay to the plaintiff the money which is in her hands as trustee for the beneficiaries of her intestate."

The judgment and order denying a new trial are reversed.

Garoutte, J., and Van Dyke, J., concurred.