[Sac. No. 864.   Department One. — May 3, 1901.]

ANTHONY GALLAGHER, Appellant, v. CATHERINE McGRAW, Administratrix, etc., Respondent.

ACTION UPON NOTE — DISMISSAL — PRINCIPAL — AMOUNT — JURISDICTION.
— The superior court has no jurisdiction of an action upon a note for two hundred dollars, though the amount of principal and interest exceeded three hundred dollars; and such action was properly dismissed.

ID. — CLAIM AGAINST ESTATE OF DECEASED PERSON. — The presentation of the amount of the principal and interest of the note as a claim against the estate of the deceased maker, though necessary to sustain a recovery of that amount, if the claim is rejected, cannot change the nature of the demand with reference to the jurisdiction of an action upon the note for the amount of the claim.

APPEAL from a judgment of the Superior Court of Placer County.   J. E. Prewitt, Judge.

The facts are stated in the opinion.

Charles Tuttle, and L. L. Chamberlain, for Appellant.

John T. Kinkade, and W. H. Carlin, for Respondent.

COOPER, C.—This appeal is from the judgment. The court below ordered judgment dismissing the case upon the ground that it had no jurisdiction. The findings show that the note upon which suit was brought was for the sum of two hundred dollars principal, with interest from date.

The demand, exclusive of interest, did not amount to three hundred dollars, and hence the superior court had no jurisdiction. (Const., art. VI, sec. 4; *Christian* v. *Superior Court*, 122 Cal. 119.)

The fact that the claim upon the note, with accrued interest, amounted to over three hundred dollars when presented to the administratrix does not change the result. The action is upon the note. It is made necessary, under the statute, to present a claim of this kind to the representative of deceased before an action can be maintained upon it, but when the action is brought, it is upon the original claim or note. The presentation of the claim in no way changes the nature of the demand, nor the form in which the action must be brought. After the

claim is presented, then the holder, in case of rejection, may maintain an action thereon. (Code Civ. Proc., sec. 1500.) He can recover only upon the claim so presented and rejected. (*Lichtenberg* v. *McGlynn*, 105 Cal. 47; *Etchas* v. *Oreña*, 127 Cal. 592.)

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.	Van Dyke, J., Harrison, J., Garoutte, J.