[No. 35. Third Appellate District.—September 28, 1905.]

## JOSEPH R. ENSCOE, Respondent, v. JOSEPH H. FLETCHER, Administrator of Estate of W. E. McNeil, Deceased, Appellant.

ESTATES OF DECEASED PERSONS—CLAIM UPON NOTES—ACTION UPON REJECTED CLAIM—SUFFICIENCY OF COMPLAINT.—Although, where a claim against the estate of a deceased person is rejected in whole or in part, a recovery in an action thereon is limited to the items of the claim rejected, yet, where action is upon the identical notes rejected, and additional facts stated in the complaint are merely explanatory of the demand, and no different contract is stated from that set forth in the claim, the cause of action is upon the claim; and the complaint is not rendered objectionable because of the mere segregation and lumping of certain classes of items not affecting their amount.

ID.—DEATH OF PAYEE—DISTRIBUTION OF NOTES TO JOINT MAKER AS HEIR—CLAIM AGAINST CO-MAKER—CONTRIBUTION NOT INVOLVED.— Where the notes sought to be enforced were never paid to the original payee, and after his death were distributed to one joint maker as heir of the payee, the only effect of such distribution was merely to extinguish the equitable share of the liability of such joint maker, and he is entitled by succession to the rights of the payee, by operation of law, to enforce one-half of the liability upon the notes as a claim against the estate of the deceased co-maker. No claim for contribution is involved in such case.

APPEAL from a judgment of the Superior Court of Plumas County. C. E. McLaughlin, Judge.

The facts are stated in the opinion of the court.

J. D. Goodwin, and U. S. Webb, for Appellant.

L. N. Peter, and Solinsky & Wehe, for Respondent.

BUCKLES, J.—This is an action on a claim presented to the administrator of the estate of W. E. McNeil, deceased, which claim was allowed in part and rejected in part,—allowed for $145.92 and rejected for $3,437.50. The claim consisted of the amount due on four promissory notes, which were set forth in full in the claim, with interest thereon, and other items. The disallowance was mainly on the notes. A copy of the claim is contained in the complaint. These notes were all made at the same time, to wit, February 1, 1891, and for one thousand dollars each, and were payable on February 1, 1898, February 1, 1899, February 1, 1900, and February 1, 1901. The notes are joint notes, one J. Enscoe being the payee and J. R. Enscoe and W. E. McNeil being the joint makers. The claim does not set forth the relationship of J. Enscoe, the payee, and J. R. Enscoe, the joint payor, nor does it state how J. R. Enscoe became the holder or owner of said notes, nor what right he had to ask payment to himself of one half of said notes further than whatever presumptions might arise from the facts that he was in possession of the notes and that he was a joint maker. The complaint shows that the payee, the said J. Enscoe, was the father of J. R. Enscoe, and died October 19, 1894; that his estate was probated, and that on May 19, 1898, the superior court by its decree and judgment distributed the said notes to the said J. R. Enscoe, as the heir at law of the said J. Enscoe; that on November 30, 1901, the other joint maker of the said notes, W. E. McNeil, died, and the defendant, Joseph Fletcher, became the administrator. The answer alleges payment of said notes by J. R. Enscoe, May 19, 1898, the date of the decree distributing the notes to him, and that the obligation on the notes being extinguished plaintiff became entitled to contribution from said W. E. McNeil, and that such right of action accrued to plaintiff; and that more than two years had elapsed since such right accrued and before McNeil's death, and that it is therefore barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

Judgment was for plaintiff, the court finding the estate of W. E. McNeil to be liable for one half the principal and interest due on said notes,—to wit, the sum of $3,320,—and that other items of said claim amounting to $220.42 were also

a charge against said estate, and rendered judgment for the sum of $3,540.42. The judgment was made up of the following items: Notes, $3,320; amount allowed on the claim, $145.92; and for insurance the sum of $74.50.

The appeal is from the judgment.

Appellant contends that the claim as presented to the administrator cannot be reconciled with the complaint, in this, that the demand is not the same in the complaint as made in the claim. In an action upon a claim presented and rejected in an estate of a deceased person, no recovery can be had for anything outside of the items of the claim itself,—that is to say, the recovery must be upon the same cause of action as set up in the claim. (*Lichtenberg* v. *McGlynn*, 105 Cal. 45, [38 Pac. 541].) A claimant cannot come into court and allege and prove any other or different contract or cause of action from that stated in his claim. In *Etchas* v. *Orena*, 127 Cal. 590, [60 Pac. 45], the claim presented was for services rendered the deceased for six months in each year at thirty dollars per month, and during the other six months at the rate of five dollars per month, the claim amounting to twenty-one hundred dollars. A payment of nine hundred dollars having been made, there was a balance of twelve hundred dollars still due. The complaint alleged that deceased promised plaintiff and agreed to pay her the reasonable value of her services by making provision in her will for plaintiff for a sum equal to the value of the said services, and in consideration of such promise plaintiff rendered the services. The items were the same in amount in both claim and complaint, but the contract under which the services were rendered being different from the contract stated in the claim, the court there held that no recovery could be had. (*Gallagher* v. *McGraw*, 132 Cal. 601, [64 Pac. 1080].)

In the case before us the complaint sets forth the identical notes on which the claim is based and which are also set out in full in the claim. The claim shows upon its face that plaintiff seeks to recover only one half the amount of principal and interest due on the said notes of which he is joint maker; it also appears on the face of the notes that the other of the joint makers bears the same name as did the deceased against whose estate the claim was presented,—to wit, W. E. McNeil. The complaint sets forth more facts in relation to

the notes than does the claim, but the cause of action is not changed. The demand in the claim was for payment of the one half of the notes just as he had obligated himself to do in his lifetime and the complaint is for exactly the same thing. There is therefore no difference in the demands, and all the additional facts stated in the complaint are but explanatory of the demand and neither add to nor take away a single thing. Both demands are identical in every respect, and it seems to us that is all that is required under section 1500 of the Code of Civil Procedure, and the authorities cited by the appellant, to wit: *Lichtenberg* v. *McGlynn,* 105 Cal. 45, [38 Pac. 541] ; *Barthe* v. *Rodgers,* 127 Cal. 54, [59 Pac. 310] ; *McGrath* v. *Carroll,* 110 Cal. 88, [42 Pac. 466] ; *Etchas* v. *Orena,* 127 Cal. 590, [60 Pac. 45] ; *Gallagher* v. *McGraw,* 132 Cal. 601, [64 Pac. 1080] ; *Morehouse* v. *Morehouse,* 140 Cal. 88, [73 Pac. 738].

The fact that plaintiff in his complaint has segregated and lumped certain classes of items of the claim without increasing or diminishing the amount of any item and without alleging any different contract as to liability on any such items than appears on the face of the claim seems to us to be without reason for objection.

We now come to consider what seems to be the real point in the case, and the one to which appellant has directed the greater part of his argument; that the notes were paid when distributed to plaintiff and the obligation extinguished, and that the only claim J. R. Enscoe could have made was one of contribution, and that such a claim would be barred by the statute of limitations. It is clear the notes were never paid to the original payee, J. Enscoe, for he died while he was yet the owner and holder of the notes, and prior to May 19, 1898, the date at which appellant contends the payment was made. There can be no dispute as to the rule that where two or more persons are jointly liable on an obligation and one of them makes payment of the *whole, that* obligation is thereby extinguished, and the one paying has a new obligation against the others for their proportion of what he paid for them. If these notes were paid and the obligation extinguished, it is solely by operation of law and brought about by the death of the payee and the distribution of his estate, including the notes, to his heir who was a joint maker of the notes. And

as we understand it, this is the earnest contention of appellant, who cites the following cases in support of that contention: *Gordon* v. *Wansey,* 21 Cal. 79; *James* v. *Yeager,* 86 Cal. 186, [24 Pac. 1005]. In the first case one H. and three others made their joint and several negotiable promissory notes. The payee afterwards assigned the notes for valuable consideration to said H. This was before maturity. After maturity, for valuable consideration, H. assigned the notes to Gordon, the plaintiff, and Gordon brought his action on the notes and against all the joint makers and recovered judgment, and the supreme court declared such judgment to be erroneous. The court also says in that case that the first assignment amounted to payment, and that the notes became *functus officio,* and were not revived by the second assignment. In the second case the court said: "The purchaser of a note from the maker, after maturity, cannot claim to be an innocent holder, nor can he claim as against the maker or any one else, that the note has not been extinguished if it has in fact been paid." In that case the joint note was paid to the payee by one of the makers and the note was delivered to the joint payor who had paid it. Of course, if these notes in the case before us come within the rule in the cases cited then the plaintiff has no right to recover. In applying this rule that payment by a joint maker extinguishes the obligation, we understand that "payment" means payment in full for everything due on the obligation. In *Yule* v. *Bishop,* 133 Cal., at p. 579, [65 Pac. 1094], Justice Henshaw uses the following language: "In this state, therefore, it seems to be well settled, both by the language of the code, and by the decisions of this court under it, that full payment and performance by the surety extinguishes the primary obligation." Here the obligation was never performed, and plaintiff has never been entitled to an action against McNeil for contribution. The obligation of the joint makers is presumed to be equal, and all that was ever satisfied or paid by the distribution to plaintiff was his equitable share, the one half of the principal and interest due on said notes. When the notes came to the heir by the decree of distribution but one had matured, so that there could have been no compulsion on the part of plaintiff to have made any payment on any of the

notes save the one which fell due February 1, 1898. But under the view we take of the case, that there was never a time when contribution could have been maintained, it is useless to pursue that point further. The defendant claims that the effect of the decree of distribution was to transfer or assign the notes to a joint maker and thus extinguish the obligation. In this connection it would be well to examine the law of transfer, performance, relinquishment, and joint obligations. Under section 1039 of the Civil Code, "Transfer is an act of the parties, or of the law, by which the title to property is conveyed from one living person to another." Surely the case before us does not come under or within this definition, for the notes descended from the dead to the living. Transfer rests upon acts of parties to a contract, as does assignment, which is but a written transfer. Here there is no act of omission or commission by any of the parties. The law simply changes the position of the parties.

Then section 1457 of the Civil Code says: "The burden of an obligation may be transferred with the consent of the party entitled to its benefit, but not otherwise." In this instance the payee, J. Enscoe, being dead, could not consent. His heir is certainly entitled to every benefit arising from the obligations descending to him, consistent with equity and fair dealing toward his opponent, and he has not consented.

The notes are negotiable and are transferable only by indorsement. There was no indorsement. It seems to me that an analysis of these rules declared by our code, points a wide difference between "succession," as defined and regulated in title seven, division two, and "transfer of obligation," as defined and regulated in title three, division three.

The question is, of course, were the obligations of the notes extinguished? Section 1473 of the Civil Code provides: "Full performance of an obligation, by the party whose duty it is to perform it, or by any other person in his behalf, and with his assent, if accepted by the creditor, extinguishes it." Section 1474 provides: "Performance of an obligation, by one of several persons who are jointly liable under it, extinguishes the liability of all." Section 1478 provides: "Performance of an obligation for the delivery of money only is called payment." Section 1541 of the Civil Code provides: "An obligation is extinguished by a release therefrom given

to the debtor by the creditor, upon a new consideration, or in writing, with or without a new consideration.'' Section 1543 of the Civil Code provides: ''A release of one of two or more joint .debtors does not extinguish the obligation of any of the others, unless they are mere guarantors; nor does it affect their rights to contribution from him.'' Section 3164 of the Civil Code provides: ''The obligation of a party to a negotiable instrument is extinguished: 1. In like manner with that of parties to a contract in general; or, 2. By payment of the amount due upon the instrument at or after its maturity, in good faith and in the ordinary course of business, to any person having actual possession thereof and entitled by its terms to payment.'' Section 1524 of the Civil Code provides: ''Part performance of an obligation, either before or after breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing, for that purpose, though without any new consideration, extinguishes the obligation.''

We think that in a careful reading and fair analysis of these sections when considering the facts in this case, it is clear there was no performance, no payment of the amount due in good faith and in the due course of business, or at all, and no satisfaction, except as to the one half due from plaintiff (which comes merely by reason of the operation of the law), and therefore there could be no extinguishment of these obligations unless it could in some mysterious way be brought about by reason of the plaintiff being released from payment by operation of law which it is claimed canceled the obligation to which he was a party and to the benefit of which he had succeeded without any act of his. A release of J. R. Enscoe by the payee in his lifetime upon the payment by the said J. R. Enscoe of one half the whole obligation, under the provisions of said section 1543, would not have released McNeil nor extinguished the obligation. McNeil was not mentioned in the decree of distribution, the instrument by which it is claimed the obligation was extinguished. Of course, it would have been otherwise had J. R. Enscoe paid the whole amount due, and then plaintiff's remedy would have been for contribution. (*North Ins. Co.* v. *Potter,* 63 Cal. 158; *Roberts* v. *Donovan,* 70 Cal. 114, [9 Pac. 180, 11 Pac. 599].) In *Wristen* v. *Curtiss,* 76 Cal. 6, [18 Pac. 81], it is held that a re-

lease of one of several jointly liable on a promissory note, who are not mere guarantors, does not release the other obligors. No matter what theory may be put forth as to the release of one jointly liable and the extinction of the obligation, nor what the law may be on the subject in other states, "the code establishes the law of this state respecting the subject to which it relates" and the code (sec. 1543) says a "release of one joint debtor does not extinguish the obligation." So that if plaintiff had actually paid one half of the whole amount due on said notes, the obligations, the notes would have still held good as against McNeil. (See *McDowell* v. *Jacobs,* 10 Cal. 390.)

The $74.50 expended by the administrator for insuring the property of the estate, having been contracted after McNeil's death, is not properly a claim against his estate, yet it is a charge against the estate, being an item of expense incident to preserving the property during the course of administration, and is entitled to payment prior to payment of debts, and its allowance as a debt could not be prejudicial to the estate.

We see no vital objection to the amount allowed by the administrator, to wit, $145.92.

For the reasons herein stated the judgment is affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on November 24, 1905.