(April 19, 1909.)

## IDAHO TRUST CO., Trustee, Respondent, v. GEORGE T. MILLER, Administrator, Appellant.

[102 Pac. 360.]

CLAIM AGAINST ESTATE OF DECEASED PERSON—REJECTION OF BY ADMINISTRATOR—ACTION TO RECOVER SAME—JURISDICTION TO TRY SUCH ACTION.

1. Under the provisions of sec. 5468, Rev. Codes, 1909, when a claim has been presented to an administrator and rejected by him, the holder must bring suit in the proper court against such administrator within three months after the date of its rejection, if it then be due, or within two months after it becomes due; otherwise the claim is forever barred.

2. The action required to be brought under the provisions of said section to recover the rejected claim, if it be a demand for money, is an action at law, and the rejection of the same by the administrator does not change the character of the claim or of the action required to be brought.

3. Under the provisions of sec. 20, art. 5 of the constitution, the district court has original jurisdiction in all cases both in law and equity, but it does not have original jurisdiction in probate and guardianship matters, as the original jurisdiction in such matters is given to the probate court under the provisions of sec. 21 of said art. 5 of the constitution.

4. The proceedings in probate and guardianship matters in the probate court are not "cases" at law and equity under the provisions of sec. 20, art. 5 of the constitution.

5. Under the provisions of said sec. 20, art. 5 of the constitution, the district court has original jurisdiction to try the case at bar, and the probate court had no jurisdiction whatever to try it.

6. The court referred to in said sec. 5468, Rev. Codes 1909, as the "proper court," is the court that has jurisdiction under the constitution and laws of this state to hear and determine a civil action for the recovery of the debt sued on, and if the amount claimed is within the jurisdiction of the justice's or probate courts, action may be brought therein, and if it is not, the action must be brought in the proper district court.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County.    Hon. Edgar C. Steele, Judge.

Action to recover on a claim against the estate of a deceased person which had been presented to and rejected by the administrator. Judgment for the plaintiff. *Affirmed.*

John O. Bender, and G. Orr McMinimy, for Appellant.

The "proper court" mentioned in sec. 5468 is the probate court and not the district court; the district court has no original jurisdiction of claims presented to an administrator of an estate of a deceased person for payment, but the probate court has exclusive original jurisdiction in such matters. (*Clark v. Rossier,* 10 Ida. 348, 78 Pac. 358; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602; *In re McVay's Estate,* 14 Ida. 56, 93 Pac. 28.)

It is conclusively determined in the *McVay* case that the district court has no original jurisdiction of any probate matters, although they may involve equitable rights. (See, also, *Clark v. Peck,* 79 Vt. 275, 65 Atl. 14.)

F. D. Culver, and James E. Babb, for Respondent.

The question of jurisdiction of the district court is expressly decided against appellant's contention in the case of *Bradwell v. Wilson,* 158 Ill. 346, 42 N. E. 145. The constitutional provisions of Illinois in regard to probate jurisdiction are the same almost *verbatim* as those of the state of Idaho.

The following authorities seem from their citations to hold the same doctrine as announced in the Illinois case: *Greene v. Day,* 1 Dem. (N. Y.) 45, 50; *Tucker v. Tucker,* 4 Keyes, 136; *Bowie v. Ghiselin,* 30 Md. 553; Horner's Probate Laws (Ill.) 1881, sec. 201, citing *Rosenthal v. Magee,* 41 Ill. 370; *Wells v. Miller,* 45 Ill. 33; *Judy v. Kelley,* 11 Ill. 211, 50 Am. Dec. 455.

SULLIVAN, C. J.—The respondent, the Idaho Trust Co., brought this action as trustee for one Kittie Sullivan, to recover a legacy claimed under the will of Sarah C. Thompson, deceased, against George T. Miller as administrator, with the will annexed of the estate of Cary A. Coryell, de-

ceased. The claim was duly presented to the administrator for allowance and was rejected by him, and within three months after such rejection this action was brought in the district court under the provisions of sec. 5468, Rev. Codes of 1909, which section is as follows:

"When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

A general demurrer was filed to the complaint and overruled by the court. The defendant refused to further plead, and judgment was entered against the defendant as administrator.

There are two errors assigned. The first is that the court erred in overruling the demurrer to the complaint. The demurrer was based on the ground that the complaint did not state facts sufficient to constitute a cause of action. The second error assigned is that the court erred in giving judgment, as the court was without jurisdiction to try and determine the matters alleged in the complaint. The question of the jurisdiction of the court cannot be raised on the ground that the complaint does not state facts sufficient to constitute a cause of action. But counsel bases his contention on this appeal on the ground that the court was without jurisdiction to try and determine said case. The objection to the jurisdiction of the court may be raised for the first time in this court. That being true, the court will proceed and pass upon the question of the jurisdiction of the court to try the case.

This was an original action brought in the district court, and it is contended that the district court had no jurisdiction, as the subject matter of the action was a matter over which the probate court had exclusive jurisdiction. It is contended under the provisions of said section 5468 that the holder of such claim, after rejection, must bring suit in the "proper court" against the administrator, etc. It is most

earnestly contended that the probate court has exclusive, original jurisdiction in all probate matters, and for that reason the district court has no original jurisdiction to try said action, and in support of that contention counsel cite *Clark v. Rossier*, 10 Ida. 348, 78 Pac. 358; *Abrams v. White*, 11 Ida. 497, 83 Pac. 602; *In re McVay's Estate*, 14 Ida. 56, 93 Pac. 28. Neither of those cases is in point on the question under consideration. Those cases involve matters over which the probate court had exclusive, original jurisdiction; in other words, they involve exclusively probate matters. Upon the question of jurisdiction, see *Toncray v. Budge*, 14 Ida. 621, 95 Pac. 26; *In re McVay's Estate, supra.*

The claim sued on herein is based on a money demand against said estate. The law (sec. 5466, Rev. Codes 1909) requires that such claims be presented to the executor or administrator for allowance, and section 5468, Rev. Codes 1909, provides that if such claim be rejected, the holder must bring his action to recover the same in the "proper court" within three months thereafter, if the claim be then due, or within two months after it becomes due, otherwise the claim is forever barred. The action required to be brought on the rejected claim in the case at bar was an action at law, and the presentation of it to the administrator and his rejection of the same did not change the character of the claim or of the action required to be brought. In this action the damages claimed are $1,079.91, and no court in this state has original jurisdiction to try such a case except the district court.

Under the provisions of sec. 20, art. 5 of the constitution of Idaho, the district court has original jurisdiction in all cases both in law and equity, but does not have original jurisdiction in matters of probate and settlement of estates of deceased persons, as by the provisions of section 21, article 5 of the constitution, original jurisdiction of those matters has been given to the probate court. Those proceedings are not "cases" in law or equity, as said term is used in said sec. 20 of the constitution. Under the provisions of said sec. 20, the district court had original jurisdiction to try

the case at bar and the probate court had no jurisdiction whatever to try it.

Under the laws of this state, the probate court in the trial of civil cases has no jurisdiction where the damages claimed amount to more than $500, exclusive of interest, and a justice of the peace has no jurisdiction to try a case where the damages claimed exceed $300.

Said sec. 5468, Rev. Codes, is the same as sec. 1498 of the California Code of Civil Procedure, and section 5470, Rev. Codes, is the same as section 1500 of the Code of Civil Procedure of California, and under those sections the supreme court of California, in *McLean v. Crow*, 88 Cal. 664, 26 Pac. 596, held that an action or a claim against an estate may be brought in any court that has jurisdiction of the matter, even a justice's court, when the amount sued for comes within its 'jurisdiction.

In *Gallagher v. McGraw*, 132 Cal. 601, 64 Pac. 1080, the court had under consideration an action brought upon a claim which had been presented to the administratrix of an estate and rejected by her. The court said:

"It is made necessary under the statute to present a claim of this kind to the representative of the deceased before an action can be maintained upon it, but when the action is brought, it is upon the original claim or note. The presentation of the claim in no way changes the nature of the demand nor the form in which the action must be brought."

In *Bradwell v. Wilson*, 158 Ill. 346, 42 N. E. 145, the court there held expressly against the contention of appellants in this case.

We therefore hold that the "proper court" referred to in said section 5468 is the court having civil jurisdiction to try such matter. The judgment of the trial court must therefore be affirmed, and it is so ordered, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.

Petition for rehearing denied.