Lattimer v. Ryan.

---

## LATTIMER v. RYAN et al.

The District Court has no jurisdiction to set aside one of its own judgments after the adjournment of the term at which it was rendered.

To a complaint against three persons upon a promissory note, executed under a firm name, one of the defendants answered, denying his liability, and that he was one of the firm by whom the note was executed. Neither of the pleadings was verified. When the cause came on for trial, plaintiff moved to strike out defendant's answer for want of a verification; and pending the motion, defendant asked leave to then verify the answer. The Court denied defendants' motion, and struck out the answer: *Held*, that the refusal by the Court to allow the verification was such an abuse of discretion as to amount to error.

A judgment rendered in an action on contract in favor of plaintiff on the complaint alone, after striking out for irregularity an answer previously filed by defendant, must be considered as a judgment by default, and is therefore erroneous if rendered for a greater amount that that for which the summons stated judgment would be taken.

Where a plaintiff has obtained the benefit of proceeding as upon a default, he must stand by the results of that proceeding.

Lattimer *v.* Ryan.

APPEAL from the Eighth Judicial District.

This action was commenced in the Twelfth District Court, on the fifteenth day of April, 1856. The original complaint contained a copy of a promissory note made to plaintiff Charles E. Lattimer, by "Ryan, Duff & Co.," August 1st, 1854, for $2,815.40, bearing interest at five per cent. per month, interest to be paid monthly, and if not so paid, to be compounded; and alleged that the defendants James F. Ryan, James R. Duff, and Frank S. Duff composed the firm of "Ryan, Duff & Co.," by whom the note was executed; and prayed judgment against them "for the sum of————with interest and costs." The summons was personally served on each of the defendants, July 2d, 1856, and specified that upon failure to answer, plaintiff would take judgment against them for the sum of $3,000, with interest thereon and costs. No further proceedings were had in the case until the thirty-first day of May, 1859, when an amended complaint was filed, also containing a copy of the note, and praying judgment for $2,815.40, with interest, which amended complaint was served upon defendants. Neither of the complaints was verified.

On the fifteenth day of August, 1859, Frank S. Duff filed a separate answer to the amended complaint, denying generally all its allegations, and specifically that he executed the note or was a member of the firm of "Ryan, Duff & Co." at the time of its execution. This answer was not verified.

On motion of defendants, September 10th, 1859, the case was transferred to the Eighth Judicial District. In February, 1860, plaintiff gave notice to take the depositions of certain witnesses residing in San Francisco, and in pursuance of the notice, the depositions were taken, and in March filed with the Clerk of the Eighth District Court. The case was placed on the Calendar for trial on the seventh day of March, 1860, and on that day the parties appeared by counsel, and waived a trial by jury, after which the counsel for plaintiff moved the Court to strike out the answers of the defendants on the ground that they were not verified; pending which motion, defendants' counsel moved that defendant Frank S. Duff, being then present, should be permitted to verify his answer.

The Court denied the motion of defendant, and granted that of the plaintiff, and proceeded to render judgment for plaintiff for $40,579 with costs.

No motion for new trial was made, but on the twenty-second of March, 1860, and after the adjournment of the term at which the judgment was rendered, the District Judge, on application of defendants, supported by affidavits, made an order staying all proceedings under the judgment, and at the June term following, the Court, on motion of defendants, made an order setting aside the judgment in the case, and fixing it for trial on the succeeding day, at which time the plaintiff declining to take part in the trial, on the ground that the Court had no jurisdiction to set aside the former judgment, the defendant F. S. Duff introduced his evidence *ex parte*, and judgment thereon was rendered by the Court in his favor, and against the plaintiff for costs. Both parties have appealed; the defendant F. S. Duff from the first judgment, rendered March 7th, and the plaintiff from the second judgment, rendered June 5th, and from the order setting aside the first judgment.

By stipulation, it was agreed that both appeals should be heard together, and judgment rendered by the Supreme Court in both at the same time.

*Redman, Clement & White,* for Plaintiff.

I. The motion of plaintiff's counsel to strike out the answer of Frank Duff, upon the ground that the answer was not verified, was nothing more nor less in effect than a motion for judgment on the pleadings, as the matters stated in the answer constituted no defense unless verified.

There may have been a want of perspicuity in the language of counsel, in making the motion in open Court, or in that of the Clerk in entering it, and the Judge may have given a wrong reason in granting the motion. Still, if the substance of the motion, and the ruling thereupon be correct, this Court will not reverse the case. The sum and substance of this proceeding was, that on motion of plaintiff's counsel, the defandants' answer was stricken out, and judgment entered in favor of the plaintiff, for the amount due on the note sued upon. The Court did not err in this. The complaint

Lattimer v. Ryan.

contained a copy of the note. Under section fifty-three of the Practice Act, the genuineness and due execution of the note were admitted. The other matters in the answer constituted no defense, and consequently there was nothing to try.

II. The judgment was not by default; it was rendered in open Court after appearance by the parties, and it cannot properly be termed or treated as a judgment by default.

III. It was not error to refuse permission to defendant F. S. Duff to verify his answer after the making of the motion by plaintiff for judgment. No reason was shown why it had not been verified before. It was discretionary with the Court below to grant or refuse the application, and unless that discretion was grossly abused, this Court will not interfere.

IV. The Court erred in reopening the case, and rendering a new judgment. Its jurisdiction was exhausted when it had rendered a final judgment and adjourned for the term. This Court has so held repeatedly. (See 2 Cal. 582; 3 Id. 225; 4 Id. 280; 5 Id. 406; 8 Id. 521; 6 Id. 21.)

*G. F. & W. H. Sharp*, for Defendant.

I. The Court below erred in striking out the answer of Frank S. Duff.

II. The Court erred in sustaining the plaintiff's motion, and ordering judgment as by default against the defendants.

III. The plaintiff only prayed for judgment for the sum of $2,865.40, with interest and costs of suit; and if the defendants' answers were treated by the Court as no answers, and default entered as for want of an answer, the plaintiff could not enter a greater judgment than that demanded by the original summons. The summons notified the defendants that in case of default the plaintiff would take judgment " for the sum of $3,000, and interest, and costs;" and it was error in the Court to order a judgment for a greater sum than that demanded in the summons.

IV. The answer of the defendant Frank S. Duff was a good and sufficient answer without any verification, for the reason that the plaintiff's complaint was not verified, and the answer could not be construed, under any circumstances, to admit more than the

genuineness of the note set out in the complaint. It put in issue all the other facts set up in the answer, and specially put in issue the fact that F. S. Duff was a member of the firm of Ryan, Duff & Co.

V. It was an abuse of discretion to deny the application of F. S. Duff to verify his answer.

Norton, J. delivered the opinion of the Court—Field, C. J. and Cope, J. concurring.

The summons issued and served in this action stated that upon default, judgment would be taken for three thousand dollars and interest. After the defendants had put in answers to the complaint, the plaintiff, on notice to the defendants' attorneys, took certain depositions to be read on the trial. When the action came on for trial, more than six months after the answers were filed, the plaintiff, without having given any notice, moved the Court to strike out the answers because they were not verified, upon which the defendant Frank Duff asked leave then to verify his answer, which leave was refused, and the plaintiff's motion to strike out was granted, and a judgment entered as upon default in favor of the plaintiff for something over forty thousand dollars, being apparently the amount of a promissory note, set out in the complaint, for three thousand dollars, with interest at five per cent. a month, compounded monthly, for a number of years. At the next term of the District Court, on defendant's motion, this judgment was set aside, the defendant Frank Duff allowed to verify his answer, and the action tried *ex parte*, the plaintiff refusing to appear at the trial, and a judgment entered in favor of the defendant.

Both parties have appealed: the defendant Frank Duff from the first judgment, which was against him; and the plaintiff from the second judgment, which was against him, and also from the order setting aside the first judgment.

According to the repeated judgments of this Court, jurisdiction to set aside the first judgment had been lost to the District Court, upon the adjournment of the term at which it was rendered; and hence the order to that effect made at the subsequent term, and the judgment in favor of the defendant, were erroneous. But the refusal of the Court at the previous term to allow the defendant Frank Duff

Lattimer *v.* Ryan.

to verify his answer must be considered such an abuse of discretion under the circumstances as to amount to an error, under the decision of the case of *Arrington* v. *Tupper*, (10 Cal. 464) from which this case cannot be distinguished on this point. The record also shows error in a judgment being taken by default for a sum vastly more than that specified in the summons, for which amount only it could regularly be taken, pursuant to section one hundred and fifty of the Practice Act. The summons specified three thousand dollars, with interest, which means the legal interest of ten per cent. a year. After the answer was stricken out, the case stood as though no answer had been filed. We do not think the plaintiff can be heard, under the peculiar circumstances of this case, to say that the proceeding was substantially the same as if he had only claimed under section fifty-three that the execution of the note was admitted, and had taken a verdict or finding as upon an issue. The District Court did not decide that the answer of Frank Duff did not contain a sufficient denial that he executed the note; but set aside the whole answer because not verified. Possibly, if the Court had taken notice that the complaint was not verified, and hence that the answer was not required to be verified merely in order to stand as a pleading, it would have allowed a verification for the purpose of making a sufficient denial of the execution of the note, or perhaps might have held that the implied admission that the note was genuine and executed, as it purported to be, by the firm of Ryan, Duff & Co., did not preclude Frank Duff from denying that he was a member of the firm and bound by that note. The plaintiff having obtained the benefit of proceeding as upon a default, instead of proceeding to a trial, must stand by the results of that proceeding, especially in this case, where he sought to shut out an investigation of the merits by placing himself upon his strictest rights.

Both judgments being erroneous, must be both reversed, and the cause remanded, neither party to have costs of this appeal as against the other.