## P. A. LAMPING & CO., Respondents, v. RED STAR CO., Appellants.

### No. 421; January 5, 1865.

**Judgment—Relief in Excess of Demand in Complaint.**—A judgment may not be given for relief beyond that demanded in the complaint or for a sum in excess of the sum demanded.

**Judgment—Relief in Excess of Demand—Modification on Appeal.**—On its being shown that a judgment by default has been taken for a sum greater than that asked for in the complaint and against more and other persons than named in the summons and complaint, and that the demand in the summons was beyond that in the complaint, the court on appeal may order the plaintiffs to file their written consent to a modification of the judgment within a time named, in default of which consent the judgment must be reversed.

**Costs.—In Disposing of an Appeal from a Default Judgment,** given against other than parties named in the complaint, for a sum beyond that demanded in the complaint, and in a case where the sums mentioned in the summons and in the complaint differed in amount, the defendants are to be awarded costs.

APPEAL from Tenth Judicial District, Sierra County.

Van Cliet & Bowers for respondents; Williams & Johnson for appellants.

SAWYER, J.—As suggested by respondent's counsel, there is no statement in the record that can be considered. But, on the other hand, none is required, for the errors appearing in the judgment-roll, brief as it is, are manifest and manifold. There is no congruity between any two of the documents constituting the judgment-roll.

The summons, in stating the relief demanded, goes beyond the prayer of the complaint; the officer's return shows a service on parties not mentioned in the complaint or summons, either by real or fictitious names; the judgment is against all the parties served, and, as to the relief granted, goes even beyond the relief stated in the summons to be demanded, and exceeds that which the contract sued on would authorize, even had it been embraced within the terms of the prayer of the complaint, or the summons.

The judgment is by default, and the court was, therefore, not authorized to grant any greater relief than is demanded in the prayer of the complaint and specified in the summons: Practice Act, 147; Raun v. Reynolds, 11 Cal. 19; Gage v. Rogers, 20 Cal. 91; Lattimer v. Ryan, 20 Cal. 628.

The prayer is that plaintiffs "may have judgment against said defendants for the full sum due on said note, for principal and interest, which is five thousand three hundred and five dollars." This was the full amount, principal and interest, due on the day the complaint was filed, August 15, 1863. It is a prayer for the specific sum named and no more. There is no prayer for interest to accrue from that time forth, and no rate of interest specified in the summons for which judgment could be taken. Had there been a prayer for "interest" without specifying the rate in the prayer or summons, the court would not even then have been authorized to enter judgment for a rate greater than ten per cent per annum: Lattimer v. Ryan, 20 Cal. 633. But the judgment is for "five thousand three hundred and five dollars and interest on said sum at three per cent per month, from the 20th day of May A. D. 1863 until paid." May 20, 1863, is the date of the note. Yet the interest from May 20th to August 15th, the day when the suit was commenced, had already been added to the principal and formed a part of the said sum of five thousand three hundred and five dollars. So that the judgment calls for interest on the principal sum twice during the period between those

dates, and interest on the interest during the same time in addition, as well as interest on the whole sum at three per cent per month for the future till paid. The judgment is erroneous as to the entire amount exceeding five thousand three hundred and five dollars, and the costs.

The judgment is "to be enforced and collected in gold coin." In this respect, also, the judgment exceeds the relief prayed for. The prayer is simply for so much money, without specifying the kind of money. Nor does the summons say that judgment will be taken in gold coin.

In this respect, also, the relief exceeds that authorized by the contract, for there is no promise in the note to pay in gold coin. The instrument is a very wordy one, and perhaps the payees supposed they had obtained a contract to pay in gold coin, but such is not the case, and the contract does not support the judgment under section 200 of the Practice Act.

The record furnishes the data for correcting the judgment, and if the respondents desire it, the judgment may be modified so as to be entered for the sum of five thousand three hundred and five dollars only and costs of the court below against such defendants as are mentioned in the complaint.

It is therefore ordered that the respondents have fifteen days in which to file their written consent that the judgment be modified in accordance with the views expressed in this opinion, and upon filing such written consent it is ordered that the judgment be modified in pursuance thereof. In default of filing such written consent it is ordered that a judgment be entered reversing the judgment of the court below and remanding the cause for further proceedings.

It is further ordered that the appellants recover their costs of appeal.

We concur: Sanderson, C. J.; Shafter, J.; Currey, J.; Rhodes, J.

January 18, 1865.

The respondents having filed a stipulation consenting to a modification of the judgment in pursuance of the order heretofore entered in this cause, it is ordered that the district court be and it is hereby directed to modify its judgment in accordance with the direction contained in the opnion herein filed, and that judgment be entered against the defendants named

in the complaint for the sum of five thousand three hundred and five dollars and the costs accrued in the court below, and that appellants recover their costs of appeal.

<div align="right">

Sawyer, J.

Sanderson, C. J.

Rhodes, J.

Currey, J.