[No. 14241.  Department One. — July 25, 1891.]

FRANK T. MERITHEW, RESPONDENT, v. JAMES
ORR, EXECUTOR, ETC., APPELLANT.

ESTATES OF DECEDENTS — ACTION AGAINST EXECUTOR — FINDINGS — APPEAL
UPON JUDGMENT ROLL. — In an action against an executor to recover a
balance due upon a mutual account between the testator and the plain-
tiff, where the items claimed were duly set forth in the claims presented
and in the complaint, and the court finds as an ultimate fact that the
estate was indebted to the plaintiff in a sum less than the amount claimed,
the finding is conclusive upon an appeal from the judgment taken by
the executor upon the judgment roll only, and the judgment will be
affirmed upon such appeal.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*L. F. Fisher*, and *E. C. Bower*, for Appellant.

*Brousseau & Hatch*, for Respondent.

PATERSON, J. — It is alleged in the complaint that on
November 4, 1888, the defendant's testator was indebted
to plaintiff in the sum of $761.32, the balance of a mu-
tual account; that after the death of the said testator
and the probate of his will, plaintiff's claim was duly
presented to defendant, the executor, for allowance, and
was rejected.

The answer denied that the defendant's testator was
indebted to plaintiff as alleged, or at all.

The court found that on *April 15, 1888*, plaintiff and
the testator, Matthew W. Orr, had a settlement of their
accounts with each other, and agreed that there was due
at that time from plaintiff to Orr the sum of $115; that
said Matthew W. Orr thereafter became indebted to
plaintiff for hay sold to him in his lifetime in the sum
of $515; for one mare, $75; for the use of a team and
mowing-machine ten days, $15; and for hauling hay,

$30; amounting to $635,—leaving a balance due plaintiff at the time of the death of said testator in the sum of $520.

Judgment was entered in favor of plaintiff for the last-named sum, with interest, and defendant has appealed.

The appeal is from the judgment, the judgment roll only having been brought before us.

It cannot be said that the findings go beyond the issues; the action is to recover the balance due on the mutual account; and the items were duly set forth in the claim presented and in the complaint. The court found as an ultimate fact that the estate was indebted to plaintiff in the sum of $520,—which was less than the amount claimed. The evidence is not before us, and the finding is therefore conclusive.

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.