[S. F. No. 3027.    Department One.—November 28, 1904.]

## NORA HELEN GERTRUDE O'NEILL MURPHY, etc., Respondent, v. BERTRAM SAMUEL JOSEPH FINNISTON O'NEILL MURPHY, Appellant.

ACTION UPON FOREIGN JUDGMENT—PLEADING—JURISDICTION OF FOREIGN COURT—ABSENCE OF DEMURRER.—In an action upon a foreign judgment in English money, made and entered in the Queen's Bench division of the high court of justice of the supreme court of judicature in England, a complaint averring that said court "had jurisdiction of the subject-matter of said action and of the parties thereto," and that said judgment "was duly given, made, and entered" in and by said court, is sufficiently certain, in the absence of a demurrer, on the subject of jurisdiction in the English court.

ID.—GENERAL FINDINGS—JURISDICTION INVOLVED.—Where the findings are that all of the allegations of the complaint are true, they sufficiently show the jurisdiction of the court in which the judgment sued on was rendered.

ID.—VALUE OF JUDGMENT—RATE OF INTEREST—PRESUMPTION.—Where the complaint alleged the value of the English judgment in lawful money of the United States, and alleged that it was wholly unpaid, and prayed for interest thereon at the rate of seven per cent per annum from the date of the judgment, the complaint is sufficient as to the value of the judgment, and it must be presumed that the law of England as to interest on the judgment is the same as the law of this state in the absence of evidence to the contrary, and the interest prayed for was properly allowed in computing the amount of the judgment.

APPEAL from a judgment of the Superior Court of·the City and County of San Francisco.    Thomas F. Graham, Judge.

The facts are stated in the opinion.

Bishop & Wheeler, and William Rix, for Appellant.

The sufficiency of the complaint to state a cause of action may be raised upon appeal for the first time.    (*Holly* v.

*Heiskell,* 112 Cal. 174.)   Section 456 of the Code of Civil Procedure has no application to foreign judgments, and the facts should have been stated to show jurisdiction of the foreign court.   (*Hollister* v. *Hollister,* 10 How. Pr. 539; *McLaughlin* v. *Nichols,* 13 Abb. Pr. 244.)   There is no law of California allowing interest on foreign judgments.   (*Cavender* v. *Guild,* 4 Cal. 250.)

Elliott McAllister, and Frank H. Powers, for Respondent.

The complaint was sufficient to show the jurisdiction of the English court.   (*Dore* v. *Thornburgh,* 90 Cal. 64.[1])   Legal interest is allowable not only on judgments in this state, but also for breach of any obligation to pay money only.   (Civ. Code, sec. 3302.)   The laws of England are presumed to be the same as ours, until proof of the contrary is shown.   (*Hickman* v. *Alpaugh,* 21 Cal. 227; *Hill* v. *Grigsby,* 32 Cal. 56, 60; *Brown* v. *San Francisco Gas Co.,* 58 Cal. 427, 428;[2] *Marsters* v. *Lash,* 61 Cal. 622, 624; *Loaiza* v. *Superior Court,* 85 Cal. 11, 30;[3] *Wickersham* v. *Johnston,* 104 Cal. 407, 411.[4])

GRAY, C.—The action is based upon a judgment made and entered in favor of plaintiff against defendant in the Queen's Bench division of the high court of justice of the supreme court of judicature in England on the eleventh day of November, 1898, for the sum of one thousand four hundred and fifty-four pounds and four shillings.   The plaintiff obtained judgment, from which the defendant appealed.

1. There was no demurrer to the amended complaint.   The appellant attacks it however upon the ground that it fails to state facts constituting a cause of action, in that it contains no facts showing that the English court had jurisdiction of the subject-matter of the action or of the person of the defendant.   The complaint contains the following allegations in this behalf: "That said Queen's Bench division of said high court of justice had jurisdiction of the subject-matter of said action and of the parties thereto."   It also avers that said judgment "was duly given, made, and entered in and by" said court.   Certainly, in the absence of a demurrer, this was

---

[1] 25 Am. St. Rep. 100.   [3] 20 Am. St. Rep. 197.
[2] 99 Am. Dec. 421.   [4] 43 Am. St. Rep. 118.

sufficient on the subject of jurisdiction in the English court. (*Dore* v. *Thornburgh,* 90 Cal. 64.[1])

The findings are, that all the allegations of the complaint are true, and hence the findings also sufficiently show the jurisdiction of the court in which the judgment here sued on was rendered.

2. The allegation of the complaint as to the value of the judgment is: ''That upon said eleventh day of November, A. D. 1898 (the date of the English judgment), the value of said judgment . . . in lawful money of the United States of America was, to wit, seven thousand and fifty-five dollars.'' The complaint also alleged that no part of said judgment had been paid, and that the judgment remained ''wholly unpaid and in full force and effect.''

The law of England on the question of interest, as on every other question, will, in the absence of any showing to the contrary, be presumed to be the same as the law of this state. (*Wickersham* v. *Johnston,* 104 Cal. 407, at p. 411.[2]) The judgment being of a given value when rendered, is presumed to have drawn interest at the rate of seven per cent, and nothing having been paid on it, the value of the judgment at the date of the commencement of this action, as well as at the date of the judgment herein, was a mere matter of figures, to be calculated with mathematical certainty from the allegations of the complaint. The prayer of the complaint was for $7,055, together with interest thereon at the rate of seven per cent per annum from said 11th of November, 1898, the date of the English judgment. The complaint was entirely sufficient as to allegations of value of the judgment, and the findings following it were also entirely sufficient and fully support the conclusions of law and the judgment herein for $8,284.13, which judgment was properly calculated from the figures and allegations of the complaint, all of which were found to be true.

We advise that the judgment be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Angellotti, J., Shaw, J., Van Dyke, J.

---

[1] 25 Am. St. Rep. 100.      [2] 43 Am. St. Rep. 118.