[Civ. No. 379.  First Appellate District.—September 18, 1907.]

NORA HELEN GERTRUDE JENNER, Respondent, v. BERTRAM SAMUEL J. F. O. MURPHY et al., Defendants; DANIEL T. MURPHY, Appellant.

FRAUDULENT CONVEYANCE BY DIVORCED HUSBAND—ACTION BY DIVORCED WIFE—JUDGMENT FOR ALIMONY.—A divorced wife having a judgment recovered against the husband for unpaid alimony, upon which she is entitled to execution, may maintain an action to set aside a fraudulent conveyance made by the divorced husband to another defendant who took with knowledge of the divorce, and to have the judgment declared a lien upon the property until the transferee shall pay and satisfy the judgment.

ID.—PENDENCY OF APPEAL FROM JUDGMENT—EXECUTION NOT STAYED—AFFIRMANCE—RIGHTS OF DIVORCED WIFE UNAFFECTED.—The pendency of an appeal from the judgment for alimony, upon which execution was not stayed when the suit was brought by the divorced wife to assail the fraudulent conveyance, cannot affect her rights in such suit, where such judgment was finally affirmed upon appeal.

ID.—PRESUMPTION OF LAW—VALIDITY OF JUDGMENT—ADMISSIBILITY.—The law presumes that a judgment until reversed is a correct judicial determination of the rights of the parties, and the plaintiff, being entitled to a writ of execution thereon, the judgment, though not final, was admissible in evidence for the purposes of the suit to assail the fraudulent conveyance.

ID.—HUSBAND'S HEIRSHIP IN SISTER'S ESTATE—DISTRIBUTION TO TRANSFEREE—DEED FED—RIGHTS OF DIVORCED WIFE.—The fact that when the fraudulent transfer was made the title of the divorced husband was that of heirship to an interest in the real estate of a deceased sister, and that such interest was distributed to the husband's transferee, cannot affect the lien of the divorced wife's judgment upon the property transferred, or her right to assail the fraudulent transfer. The decree of distribution merely fed the deed, and made definite the property that passed by it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, and William Rix, for Appellant.

Frank H. Powers, and Elliott McAllister, for Respondent.

COOPER, P. J.—Plaintiff recovered judgment. Defendant Daniel T. Murphy made a motion for a new trial, which was denied, and this appeal is by him from a part of the judgment and from the order denying his motion for a new trial. The action was brought by plaintiff, the divorced wife of Bertram Samuel J. F. Murphy, hereinafter designated as Samuel J. Murphy, to obtain a decree that two certain deeds, dated respectively May 27, 1886, and May 26, 1897, made by defendant Samuel J. Murphy to defendant Daniel T. Murphy, are fraudulent and void as to plaintiff, and that a certain judgment for the sum of $8,284.13, with interest, rendered in the superior court of the city and county of San Francisco, in favor of plaintiff and against defendant Samuel J. Murphy, in a suit upon a prior judgment for permanent alimony, recovered by plaintiff against the said defendant Samuel J. Murphy in England, be declared a lien upon the property so transferred by said deeds to defendant Daniel T. Murphy, until he shall pay and satisfy said judgment. The court found in favor of defendant Daniel T. Murphy as to the first deed, and hence it will not be necessary to state any facts as to that. The defendant Samuel J. Murphy made default, and hence it will only be necessary to state the facts as to the second deed, and its effect as between the plaintiff and the appellant.

In 1891 the plaintiff and defendant Samuel J. Murphy intermarried. In February, 1895, a decree of divorce was rendered in Great Britain, dissolving the said bonds of matrimony, and awarding to plaintiff $50 per month alimony. Appellant had heard of this divorce prior to the conveyance made to him by his brother Samuel J. Murphy in 1897. A portion of the money due plaintiff as alimony was thereafter, on November 11, 1898, included in a judgment in favor of plaintiff and against Samuel J. Murphy for the sum of £1,450. Upon this last-named judgment the plaintiff brought an action in the superior court of the city and county of San Francisco against defendant Samuel J. Mur-

phy, and upon the sixth day of May, 1901, judgment was duly entered in favor of plaintiff in said action for the sum of $8,284.13. From this judgment an appeal was taken and the judgment affirmed. (*Murphy* v. *Murphy*, 145 Cal. 482, [78 Pac. 1053].)

The action at bar was commenced August 5, 1901, after the entry of the last-mentioned judgment in the superior court, and pending its appeal to the supreme court. No stay bond was executed pending the said appeal. The court below found that the said deed of May, 1897, was executed for the purpose of hindering, delaying and defrauding the plaintiff in collecting any sums that might be due or become due to her from defendant Samuel J. Murphy, and ordered that appellant pay to plaintiff out of the property so held by him for defendant Samuel J. Murphy the sum of $9,944.31, being the amount, with interest and costs, of the said judgment rendered in favor of plaintiff and against said Samuel J. Murphy in the superior court of the city and county of San Francisco, and that until the same be paid it remain a lien upon the undivided interest in two certain pieces of real estate held by appellant for defendant Samuel J. Murphy under the said deed of May, 1897.

The first point urged by the appellant is that plaintiff has not the status of a creditor so as to entitle her to assail the transfer, for the reason that an appeal had been taken from her judgment rendered in the superior court against Samuel J. Murphy. It is true that a fraudulent conveyance, as against a resident of the state, can only be attacked by a creditor who has reduced his claim to a judgment and who is entitled to an execution, which could be levied and satisfied only for such fraudulent conveyance. Plaintiff alleged, proved, and the court found, that she had a judgment, and one upon which she was entitled to an execution. The appellant claims that, because an appeal had been taken, the judgment was not a final judgment; or, in other words, his contention is—and he asks us to hold—that a creditor, who has reduced his claim to a judgment in a court having jurisdiction cannot be allowed to bring an action to set aside a fraudulent conveyance pending an appeal from such judgment, although no undertaking has been given to stay execution. He asks us to hold that a judgment creditor entitled to an execution may be deprived of the right to maintain

an action like this pending an appeal which may be delayed
for years, and with no security for the final payment of the
judgment. We would be loath to follow any case which
would sustain such a doctrine, but to the credit of the law
no case has been cited which even lends countenance to such
contention. The language of the law books is that a creditor,
who has reduced his demand to a judgment at law, may main-
tain his action to set aside a conveyance which hinders and
obstructs the right of the creditor to reach the debtor's prop-
erty by execution. The law presumes that a judgment, until
reversed, is a correct judicial determination of the rights of
the parties. It presumed so in this case, and, as has been
stated, the court on appeal so held. If the appellant's con-
tention be correct, the law, while giving the plaintiff the right
to an execution, would be so impotent that it could not in·
any way assist her by removing the obstruction which pre-
vents the enforcement of the execution. It is true, that pend-
ing an appeal, the judgment was not final, but it was never-
theless a judgment. It was entered as the code provides it
should be. It entitled the plaintiff to a writ of execution.
It was admissible in evidence for the purposes of this case.
In *California etc. Bank* v. *Graves,* 129 Cal. 649, [62 Pac. 259],
it was held that the judgment-roll was admissible upon an
application for a writ of assistance pending an appeal from
a judgment of foreclosure, where no undertaking had been
given to stay the execution. The same was held in *Mont-
gomery* v. *Tutt,* 11 Cal. 190, in which case Judge Field said:
"When the court possesses jurisdiction to make a decree it
possesses the power to enforce its execution."

In *Cook* v. *Rice,* 91 Cal. 664, [27 Pac. 1081], the plaintiff
asked for an injunction and for damages for certain tres-
passes upon certain lands. Defendant pleaded as an estop-
pel a former judgment, in which it was held that the plain-
tiff was not entitled to any part of the land except ten acres
specifically described. When the judgment-roll in the former
suit was offered in evidence, it was objected to because the
time for appealing had not expired, and the judgment was
not final. The court said, speaking through Mr. Justice
Temple: "It was not necessary that it should be final in the
sense that it was not liable to be reversed on appeal. It was
enough that the judgment was in force, not suspended by an

appeal or otherwise, and that while in force it finally disposed of the controversy.''

In the case at bar the judgment was in force, not suspended by the appeal, and while so in force it finally disposed of the controversy. Plaintiff having a judgment, the judgment-roll was admissible to show it. It may further be said that defendant Samuel J. Murphy was a nonresident of the state at the time this action was commenced, and it has been held that in such case the plaintiff is not required to be a judgment creditor. (*First Nat. Bank* v. *Eastman*, 144 Cal. 493, [103 Am. St. Rep. 95, 77 Pac. 1043].) However, we do not rest our decision upon this ground.

There is no merit in the second point urged by appellant, that the interest in the property upon which the judgment was declared to be a lien was not acquired by him and did not pass to him through the deed declared to be fraudulent, but from an independent source through a decree of distribution from his sister's estate. The deed contains the following clause: ''And whereas on or about the twenty-eighth day of March, 1897, Mary Margaret Isabella Murphy, a sister of the parties hereto, died at Ongar, Essex, England, and the party of the first part is one of her heirs at law, and he desires to grant and convey absolutely to the party of the second part all his right, title and interest in and to the property and the estate of the said Mary Margaret Isabella Murphy, deceased,'' and concludes with the clause: ''The said party of the first part does, by these presents, give, grant, bargain, sell, convey and confirm unto the party of the second part, and to his heirs and assigns forever, all the right and interest of the party of the first part in and to the property and estate of the said Mary Margaret Isabella Murphy, deceased, to which he may be entitled as heir at law or otherwise; To have and to hold the same unto the said party of the second part, his heirs and assigns forever.'' The deceased sister had left a will, by the terms of which her brothers and sisters were excluded, and her estate left to one Smullen. The probate of the will was contested by some of the heirs, and pending the contest a settlement of the matter appears to have been made, as shown by the terms of the stipulation contained in the findings. This stipulation was signed by appellant, and also by Samuel J. Murphy by appellant, his attorney in fact. It contained among others the

following recital: "Whereas since the death of said Margaret
I. Murphy, deceased, said Samuel has assigned . . . to Daniel
T. Murphy . . . and Whereas, William J. Smullen . . . has
conveyed any and all rights . . . to those who are the heirs
at law of the said Margaret I. Murphy; and Whereas, . . .
without agreement to the contrary, the said parties . . . would
be entitled in the distribution . . . and the said Daniel T.
Murphy to one-sixth thereof in his own right, and one-sixth
thereof as assignee of said Samuel J. Murphy, Now therefore
. . . each of the parties hereto does hereby grant and convey
to each of the other parties." It therefore clearly appears
that the share of Samuel J. Murphy to an undivided one-
sixth of his sister's estate was treated in the stipulation as
being conveyed to appellant by the fraudulent deed, and the
decree of distribution followed, which only fed the deed and
made definite the property that passed by it.

Not only this, but the complaint, which is verified, contains
the following allegation: "that one-half of said eleven-forty-
eighths so claimed by defendant Daniel T. Murphy is claimed
under said indenture of May 26, 1897, and but for said al-
leged transfer of May 26, 1897, would now be the property
of defendant Samuel J. Murphy, and subject to the payment
of said judgment in favor of plaintiff." This allegation is
not denied, and no issue was made thereon.

The decree of distribution but followed the stipulation en-
tered into in regard to the estate of the deceased sister. It
was conclusive upon the heirs, and passed the legal title to
appellant, but it did not affect the right of a judgment cred-
itor to show who was the real owner of the property. In
*Martinovich* v. *Marsicano,* 137 Cal. 355, [70 Pac. 459], the
appellant had obtained a judgment, pending administration
of an estate, against one of the heirs. Before distribution
the heir, against whom the judgment had been obtained, made
a deed, conveying all her interest in the estate to the other
heirs, and upon petition and due notice a decree of distribu-
tion was made to the other heir. The court held that the
decree of distribution was not binding upon the judgment
creditor, and in no way affected his lien. (See, also, *Estate
of Crooks,* 125 Cal. 561, [58 Pac. 89]; *Barnard* v. *Wilson,*
74 Cal. 512, [16 Pac. 302]; *Chever* v. *Shing Hong Poy,* 82
Cal. 68, [22 Pac. 1081].) Such decree of distribution can-
not be made the shield to protect the property of Samuel

J. Murphy from all attacks by creditors. It cannot bind a court of equity, nor prevent it from investigating the facts, and brushing aside all illegal and fraudulent transfers for the purpose of seizing the assets of the debtor, and applying them to the satisfaction of the judgment creditors' claim. In such a case a court of equity will not be turned aside by shadows, but will grasp the substance—the assets of the fraudulent debtor—no matter where they may be found, and apply them to the payment of the honest creditor.

It is argued that the plaintiff had a remedy at law, as she could have levied execution upon and sold the alleged interest of Samuel J. Murphy in and to the real estate standing in the name of appellant. It is said "she could have first sold out the interest of Samuel J. Murphy in the property, and then brought suit to set aside the conveyance." We have never before heard of a rule that one must be a judgment creditor, and also have gone through the form of a levy and sale under execution before he could maintain an action to set aside a fraudulent conveyance. The contention is not worthy of further discussion.

The evidence supports the findings, and the judgment is the legal conclusion from the facts found. The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.