[S. F. No. 12230. Department One.—January 26, 1928.]

MILDRED G. NESBIT, Respondent, v. COLIN MacDONALD, as Executor, etc., Appellant.

Albert I. Loeb for Appellant.

Lionel D. Hargis for Respondent.

PRESTON, J.—This is an action to recover upon the following promissory note:

"$5,000.                         Carnegie, Pa. June 1, 1919.

"Two years after date, I promise to pay to the order of Mildred G. Nesbit—Five Thousand—00/100 Dollars, at Mahoning National Bank, Youngstown, without defalcation, for value received. Due . . . Payable at . . .

"SARA IRENE BUDD."

Judgment was rendered in favor of plaintiff for $5,000, together with interest from June 1, 1921, at the rate of seven per cent per annum. Upon this appeal defendant contends, first, that the court erred in allowing interest prior to November 24, 1924, date of first demand for payment of said note, and, second, that the court erred in allowing any interest at a rate greater than six per cent.

It appears that plaintiff loaned the sum evidenced by said note to Sara Irene Budd, deceased, because of their close

personal friendship, and further that she never demanded payment thereof prior to the death of Mrs. Budd, as she believed it would be repaid at such time as Mrs. Budd could do so "without embarrassment." On November 24, 1924, however, following the death of Sara Irene Budd in May of that year, the qualification of defendant as executor of her will in June, and pursuant to notice to creditors, plaintiff presented and filed with said executor claim for $6,040.54, $5,000 of which represented the principal sum of the note and $1,040.54 interest thereon at six per cent from June 1, 1921, to November 18, 1924. The executor rejected the claim, whereupon plaintiff commenced this action. The note is set forth in full in the complaint, and the claim appears as an exhibit thereto. No rate of interest, however, is specified, the prayer being for the sum of $5,000, "together with interest thereon from the first day of June, 1921." Upon submission of the findings of fact, defendant moved that they be amended so as to allow plaintiff interest only from date of presentation of the claim, November 24, 1924, or, if the court should determine to allow interest from June 1, 1921, that said interest should be charged only at the rate of six per cent per annum, the legal rate appertaining in the state of Pennsylvania, where the note was made. This motion was denied and judgment went for plaintiff as aforesaid.

In support of the first contention appellant urges that the note is in reality a demand note, as plaintiff admittedly never intended to enforce its payment at maturity; therefore, it is subject to the well-settled law that demand notes bear interest from date of demand only, in this instance, November 24, 1924. Secondly, appellant contends that as the claim filed calls for interest at the rate of six per cent, and as the prayer of the complaint is silent on this subject, no higher rate may be allowed, for a judgment may not exceed the amount demanded in the complaint. He further urges that this is true because the six per cent legal rate of interest obtaining in Pennsylvania, where the contract was made, is controlling.

■ We cannot agree with appellant in either of these contentions. The first falls before the obvious fact that the note is not a demand note, but provides in so many words that it is payable "two years after date." The terms of

the writing itself may not be varied by parol evidence (Code Civ. Proc., sec. 1856; Civ. Code, sec. 1625). ■ No interest being specified therein, interest is allowable, as provided in the judgment, from the maturity date, June 1, 1921, at the legal rate of seven per cent per annum.

■ The fact that the claim was made an exhibit to the complaint does not affect this conclusion, as said complaint declares upon the note itself. It is true that in an action upon a rejected claim, under section 1500 of the Code of Civil Procedure, presentation to and rejection thereof by the executor must be pleaded to give the trial court jurisdiction (*Reed* v. *Reed,* 178 Cal. 187 [172 Pac. 600]; *Morrison* v. *Land,* 169 Cal. 580 [147 Pac. 259]), and claimant can recover only upon the cause of action set forth in the claim (*Lichtenberg* v. *McGlynn,* 105 Cal. 45 [38 Pac. 541]; *Gallagher* v. *McGraw,* 132 Cal. 601 [64 Pac. 1080]; *Enscoe* v. *Fletcher,* 1 Cal. App. 659 [82 Pac. 1075]; *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45]; *Brooks* v. *Lawson,* 136 Cal. 10 [68 Pac. 97]; *Barthe* v. *Rogers,* 127 Cal. 52 [59 Pac. 310]; *In re Dutard,* 147 Cal. 253 [81 Pac. 519]). However, where a claim on a note is rejected, the action is in reality founded upon the note and not upon the claim (*Gallagher* v. *McGraw, supra*), and where there is a variance between the amount of the interest set forth in the claim and the amount actually due on the note, plaintiff is not limited by her interest demand, for it is properly within the province of the trial court to determine the true computation thereof and, adjusting the error, to make allowance of the correct amount. This holding is implied in the following cases: *Elizalde* v. *Murphy,* 163 Cal. 681 [126 Pac 978]; *Raggio* v. *Palmtag,* 155 Cal. 797 [103 Pac. 312]; *Moore* v. *Russell,* 133 Cal. 297 [85 Am. St. Rep. 166, 65 Pac. 624]; *Merithew* v. *Orr,* 90 Cal. 363 [27 Pac. 295]. Appellant having rejected the claim as a whole and for the smaller amount, thus forcing the claimant to institute an action for recovery, said claimant is not estopped to urge the maximum amount due on the note as per its terms.

■ In a case of this character the interest is not recoverable by virtue of any provision of the note or contract, but is in the nature of damages for detention of the debt. Furthermore, a prayer for "interest" without specifying the rate is deemed a prayer for legal interest (14 Cal. Jur.,

sec. 15, p. 692; *Lattimer* v. *Ryan,* 20 Cal. 628; *Lamping & Co.* v. *Hyatt,* 27 Cal. 99).

This very question was before the court in the case of *Puppo* v. *Larosa,* 194 Cal. 717, 720, 721 [230 Pac. 439, 440], and it was there said: "The promissory note by its terms bore no interest. The trial court allowed legal interest thereon f:om the date of its maturity. . . . If . . . interest is not expressly reserved, and the paper matures at a time certain, it will draw interest from its maturity by operation of law without prior demand, and at the legal rate. In such case interest is in the nature of damages for the detention of the debt, and is not recoverable by virtue of any provision of the contract. (Civ. Code, sec. 3302; *Gray* v. *Bekins,* 186 Cal. 389, 399 [199 Pac. 767]; 8 Cor. Jur., pp. 1095, 1096, secs. 1425–1427.) . . . The fact that the contract provides for no interest has nothing whatever to do with the damages due after the breach of the condition for payment on the due date of the note. . . . The action of the trial court in allowing legal interest on the amount due was, therefore, correct." (See, also, Civ. Code, sec. 1914; 14 Cal. Jur., p. 678, sec. 5, and many cases there cited; *Lockhart* v. *McDougall Co.,* 190 Cal. 308 [212 Pac. 1].) The principle announced above is similarly stated in 15 R. C. L., sec. 24, p. 26, citing *Roberts* v. *Smith,* 64 Tex. 94 [53 Am. Rep. 744], and also in note to 6 Am. Dec., p. 191 (cited in 15 R. C. L., sec. 20, p. 23).

The above holding that interest, after failure to pay, is given, not according to contract, but in the nature of damages, likewise disposes of appellant's contention that the six per cent legal rate of interest alleged to appertain in Pennsylvania should govern. There is moreover another answer to this argument, to wit, that in the absence of pleading or proof as to what the law of the state of Pennsylvania is, we are required to indulge the presumption that the rate of interest there is the same as the rate in this state. Neither the trial court nor this court takes judicial notice of a foreign law and the presentation of it for the first time on motion to amend the findings and in the brief of counsel cannot be considered the equivalent of its presentation by pleading or in evidence (*Ryan* v. *North Alaska Salmon Co.,* 153 Cal. 438, 440 [95 Pac. 862]). " 'Where a party seeks to either recover or defend under a

foreign law, such law must be pleaded and proved like any other fact' . . . The courts of this state take notice of its own laws, and, as above stated, in the absence of plea or proof to the contrary, presume that the laws of other states are the same." (*Peck* v. *Noee,* 154 Cal. 351, 353 [97 Pac. 865, 866].) See, to the same effect, *Murphy* v. *Murphy,* 145 Cal. 482, 484 [78 Pac. 1053], citing *Wickersham* v. *Johnston,* 104 Cal. 407, 411 [43 Am. St. Rep. 118, 38 Pac. 89], where it is said: "The law of England on the question of interest, as on every other question, will, in the absence of any showing to the contrary, be presumed to be the same as the law of this state." (See, also, *Lefrooth* v. *Prentice,* 202 Cal. 215 [259 Pac. 947].)

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.