Filed 10/13/25  Holt v. Tator CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| GARY HOLT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MALCOLM TATOR,<br><br>    Defendant and Appellant. | 2d Civ. No. B343529<br>(Super. Ct. No.<br>2023CUOR017395)<br>(Ventura County) |

A property owner who took the property subject to a trust deed sought to enjoin foreclosure on the ground that the notice of default was defective.  The trial court granted the injunction and awarded the property owner attorney fees.  We affirm.

FACTS

Valentine and Christine Rutherford owned a parcel of property in Ojai.  A dispute with Gary Holt resulted in multiple lawsuits.  Attorney Malcom Tator represented the Rutherfords under a retainer agreement that specified Tator's hourly rate and scope of services.

During the course of the litigation, the Rutherfords became unable to pay Tator's fees. Tator agreed to continue to represent them in exchange for a note and trust deed secured by the property for a $78,382.20 fee then due, plus any future fees. The note would mature 75 days after the litigation ended. The trust deed was recorded in August 2012. The note carried no interest.

Holt ultimately obtained a judgment against the Rutherfords for $181,000 in 2015. Holt recorded an abstract of judgment, giving him a judgment lien on the property. (Code Civ. Proc., § 697.410, subd. (a).)

In 2020, Holt filed an action against Christine Rutherford and Tator seeking to enforce the 2015 judgment through a sheriff's sale and to invalidate Tator's 2012 deed of trust, as well as a deed of trust Tator recorded in 2016. The trial court found that Holt had a secured interest in the property through his recording of the abstract of judgment; that the 2016 deed of trust is cancelled, but the 2012 deed of trust is not cancelled. The court ordered a sheriff's sale. Holt purchased the property at the sale with a full credit bid.

Following the sheriff's sale, Tator initiated nonjudicial foreclosure proceedings by recording a notice of default. The notice demanded $198,354.79 to cure the default. The amount was composed of the original $78,382.20, plus $16,313.74 for further fees earned in the case, and the balance of $103,658.85 for interest on the principal amount at a rate of 10 percent per annum.

Instant Action

Holt brought the instant action to enjoin the foreclosure sale on the ground that the notice of default was defective due to the inclusion of unauthorized interest. The trial court agreed and

2.

enjoined the sale.  The court awarded Holt $54,500 in attorney fees based on a provision in the deed of trust.

## DISCUSSION

### I

*Civil Code section 3289, subdivision (b)*[1]

Tator contends section 3289, subdivision (b) authorizes 10 percent per annum interest on deeds of trust after the debtor's default.

Section 3289, subdivision (b) provides:  "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach. [¶]  For the purposes of this subdivision, the term contract shall not include a note secured by a deed of trust on real property."

Tator's claim that section 3289, subdivision (b) authorizes 10 percent per annum interest on a note secured by a deed of trust is belied by the plain language of the subdivision.  Tator argues that the statute should be interpreted in light of justice and wise policy, and that creditors should be assisted instead of punished for allowing extensions for debtors.  But where, as here, the Legislature has clearly spoken, we have no power to interpret the statute to reach a different result.

### II

*7 Percent Per Annum Interest*

Tator contends 7 percent per annum interest should be imputed on the note.

The contention is moot.  The question here is whether a notice of default computed with 10 percent per annum interest is void.  It is irrelevant whether a notice of default calculated with a

---

[1] All further statutory references are to the Civil Code.

different rate of interest would have been valid. Nevertheless, because the issue is bound to rise again, the parties litigated the issue in the trial court and the trial court ruled on it, and the issue is fully briefed here, we will discuss it for the benefit of the parties and the trial court.

Tator relies on article XV, section 1 of the California Constitution, establishing the maximum rate of interest on a loan or forbearance at 7 percent per annum, with specified exceptions not relevant here. Courts have long held that where no interest is specified in a note, it bears interest at the legal rate of 7 percent per annum from its maturity date. (*Nesbit v. MacDonald* (1928) 203 Cal. 219, 222.) The rule applies to a note secured by a deed of trust. (*Soleimany v. Narimanzadeh* (2022) 78 Cal.App.5th 915, 924.)

The trial court ruled Tator was not entitled to interest because enforcement of the note was barred by the statute of limitations. But it is well settled that where a note is secured by a deed of trust, the statute of limitations does not extinguish the debt and the note may be enforced by foreclosure. (*Sipe v. McKenna* (1948) 88 Cal.App.2d 1001, 1005.). Holt cites no authority barring interest on such a note.

III

*Attorney Fees*

Tator contends the trial court erred in awarding Holt attorney fees.

Tator argues the clause under which Holt is seeking fees is not an attorney fees clause, but an indemnity clause. The clause requires the Rutherfords "[t]o appear in and defend any action or proceeding purporting to affect the security or the rights or powers of beneficiary or Trustee, and to pay all costs and

4.

expenses, including . . . attorney fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed."

In *Saucedo v. Mercury Savings & Loan Assn.* (1980) 111 Cal.App.3d 309, grantees who purchased real property subject to an existing trust deed successfully sued to enjoin foreclosure. Grantees sought attorney fees under a provision identical to the provision at issue here contained in the deed of trust. The trial court denied the request for fees on the ground that grantees who take subject to a trust deed are not personally liable under the trust deed's provisions. The Court of Appeal reversed. The court reasoned that had the trust deed beneficiary prevailed, the trustor would be liable for attorney fees, and the fees would become part of the debt secured by the trust deed. As a practical matter, the grantees would be required to pay the attorney fees in order to preserve their interest in the property. The court concluded that under the reciprocal fee provision of section 1717, the grantees are entitled to attorney fees. (*Saucedo*, at p. 315.)

The same rule applies here. Had Tator prevailed, the Rutherfords would have been liable for his attorney fees. The amount of the fees would be added to the debt, and Holt would have to pay the fees to preserve his interest in the property. Thus Holt is entitled to attorney fees under the reciprocal provisions of section 1717.

DISPOSITION

The judgment is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.


                                    GILBERT, P. J.

We concur:



        YEGAN, J.



        CODY, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Malcolm R. Tator, in pro. per., for Defendant and Appellant.

Law Offices of Bryan J. Clifton, Bryan J. Clifton; Ferguson Case Orr Paterson and Joshua S. Hopstone for Plaintiff and Respondent.